FILED IN DISTRICT COURT
OKLAHOMA COUNTY

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

MAR – 2 2020

RICK WARREN
COURT CLERK

59_____

MICHAEL C. WASHINGTON,

    Plaintiff,

v.

CITY OF OKLAHOMA CITY,
MUNICIPAL COURT OF
OKLAHOMA COUNTY,
OKLAHOMA COUNTY JAIL,
OKLAHOMA CITY PUBLIC
SCHOOL DISTRICT 89,
CHIEF OF POLICE GURLEY,
KENNETH JORDAN,
DR. SEAN MCDANIELS,
JASON D. BROWN,
JESSICA SHERRILL,
PAULA LEWIS,
TIM COLEMAN,
BEN STEFFER,
SGT. MITCHELL MCCOY,
HANK BINKOWSKI,
SUSAN BINKOWSKI,
LT. WADE SPENCE,
OFFICER JUSTIN REYNOLDS,
OFFICER AARON RICHARDS,
OFFICER GOSS,

    Defendants.

Case No. 2020 – 1240

ALL DEFENDANTS ARE BEING SUED IN
THEIR OFFICIAL AND INDIVIDUAL
CAPACITIES

## PETITION FOR DAMAGES

Plaintiff, Michael C. Washington, Chief Paralegal, hereby complains and alleges as follows:

1. Plaintiff, Michael C. Washington (hereinafter referred to as Plaintiff) is at all times mentioned herein was, an individual, residing in the City of Oklahoma City, Oklahoma County.

2. Defendants above named, (hereinafter referred to as Defendants) all work in some city or state capacity for the City of Oklahoma City, State of Oklahoma with the exception of Defendants Hank and Susan Binkowski who are licensed to operate a business in the City of Oklahoma City, State of Oklahoma.

3. This court is the proper court for this action in that the actions and omissions of these

OKC Public Schools Dist 89
900 N. Broadway Ave #700

1.

15 min

Exhibit 1

Defendants occurred within its borders and is therefore within the jurisdiction of this court.

4. At all times during my complaint, Defendants, and each of them, were authorized to act on behalf of the city and State of Oklahoma with the exception of Hank and Susan Binkowski, who are private business owners. Each Defendant is responsible in some manner for the events described herein and are liable to Plaintiff for damages he have incurred. Each of the claims herein asserted are being filed within one year from the date of the incidents. Okla. Stat.Tit. 12 Section 156(B) of the Oklahoma Governmental Tort Claims Act (OGTCA).

## CIVIL RIGHTS VIOLATIONS AND STATE AND FEDERAL VIOLATIONS JURISDICTION OF THE COURT IS INVOKED PURSUANT TO

42 U.S.C. Section 1983, 42 U.S.C. Section 1985(3), 28 U.S.C. Section 1343(3), First, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, Art.II, Section 2, Art.II, Section 3, Art.II, Section 6-7 and 22 of the Oklahoma Constitution, Title 21 O.S. Section 196.

### GENERAL ALLEGATIONS

### FIRST CAUSE OF ACTION

### PLAINTIFF WAS SUBJECTED TO FALSE ARREST, FALSE IMPRISONMENT AS THE ACTIONS OF LT. WADE SPENCE, OFFICER JUSTIN REYNOLDS, OFFICER GOSS AND OFFICER AARON RICHARDS WHILE WORKING UNDER COLOR OF STATE LAW AND IN THEIR CAPACITIES AS POLICE OFFICERS

5. The City of Oklahoma City, through its Oklahoma City Police Department, Spring-Lake Division, is liable to Plaintiff for the actions of its Oklahoma City Police officers. On May 29, 2019, Plaintiff was shopping at the Smart-Saver grocery store located at N.E. 23rd and Martin L. King, Oklahoma City, Oklahoma. Upon stepping inside the store Plaintiff noticed that there was a good size crowd of shoppers waiting in two lines to pay for their store items. Plaintiff inquired of the store manager if she could get a third cashier out on the floor to man another cash register. The store manager became belligerent and demanded Plaintiff to leave the store. Whereupon, Plaintiff walked out the store and began to talking to a security and an assistant store manager

2.

6.  Sometime later, and while still talking with the security guard and assistant store manager, Lt. Wade Spence, officer Justin Reynolds, officer Goss and officer Aaron Richards all officers from the Spring-Lake Division of the Oklahoma City Police Department arrived to the store after being called. The officers approached Plaintiff then officer Justin Reynolds ordered Plaintiff to place his hands behind his back, stating that he was being arrested for trespassing on private property. After the handcuffs were placed around Plaintiff's wrists, officer Reynolds escorted him to his police cruiser then placed him in the back seat. Sometime later officer Reynolds wrote a complaint/information bearing the numbers 18-540992X-01 charging Plaintiff with trespassing on private property. See exhibit A hereto attached. Approximately thirty minutes later officer Reynolds drove Plaintiff to the Oklahoma County Jail where he was booked in. Plaintiff was released the following morning on May 30, 2019 and was given a sheet of paper instructing him to appear in municipal court on a certain date.

7.  Plaintiff has suffered extreme emotional distress, mental anguish and public humiliation as a direct result of the actions of Lt. Wade Spence, Justin Reynolds, Aaron Richards and officer Goss and causing his arrest on the property of the Smart-Saver grocery store. See exhibit E hereto attached which is the incident report filed by officer Justin Reynolds.

8.  Plaintiff made a $213.00 cash bond and his jury trial was set for October 31, 2019 @ 2:00 p.m. See exhibit B hereto attached. Plaintiff also paid $117.00 for his stay in jail for the one night as well as an additional $15.00 to have his arraignment date put off until a later date. The total amount of the bond procedure was $345.00. See exhibit C hereto attached.

9.  That the acts of Defendants taken within the scope of their employment nevertheless resulted in Plaintiff being falsely arrested and falsely imprisoned in the Oklahoma County Jail on May 29, 2019.

10. That as an incident to being falsely arrested the officers (Defendants) Reynolds, Spence, Goss and Richards subjected Plaintiff to libel and slander as an incident to the charges for Trespassing on Private Property being dismissed in court.

3.

11. That while the actions of the officers were taken within the scope of their employment the arrest of Plaintiff violated a number of his substantive due process rights under Oklahoma law, Oklahoma Constitution, Art.II, Section 7, including free speech and right to assemble among the other customers who shopped at the Smart Saver store.

12. That as an incident to the actions taken within the scope of their employment Defendants infringed on Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure.

13. That said charge for trespassing on private property was ultimately dismissed by the municipal court judge for want of prosecution thereby creating a false arrest and false imprisonment due to the actions of the arresting officers under color of state law. See exhibit D hereto attached.

14. That defendants acts pursuant to policy and practice of state government caused a negligent infliction of emotional distress, wrongful arrest of Plaintiff's person, false imprisonment, libel and slander and that Plaintiff is entitled to Judgment against the City of Oklahoma City for the acts of its employees and he is entitled to compensatory damages and punitive damages.

## SECOND CAUSE OF ACTION

### DULY APPOINTED MUNICIPAL COUNSELOR KENNETH JORDAN SUBJECTED PLAINTIFF TO MALICIOUS PROSECUTION WHEN HE FILED THE TRESPASSING ON PRIVATE PROPERTY COMPLAINT AGAINST PLAINTIFF AND TRESPASSING ON SCHOOL PROPERTY COMPLAINT PURSUANT TO CITY POLICY

15. The city of Oklahoma City, through Municipal Counselor Kenneth Jordan, while acting under color of state law and within the scope of his employment, and with the authority invested him, is liable to Plaintiff for filing municipal charges against Plaintiff pursuant to city ordinance and procedures. On June 12, 2019, Municipal Counselor Kenneth Jordan filed trespassing on private property citation against Plaintiff, number 18-540992X-01. Before the commencement of this action, this charge was judicially investigated, the prosecution ended on September 13, 2019, at 4:00 p.m., the charge was ultimately dismissed after a hearing for want of prosecution. See exhibit D hereto attached.

4.

16. Defendant Jordan, while acting under color of state law, and pursuant to city policy, rule and regulation, filed a charge against Plaintiff for Trespassing on School Property, in violation of 18-5092277- See exhibit H hereto attached. On October 31, 2019 the charge was ultimately dismissed but not before Plaintiff appeared in the Municipal Court of Oklahoma County.

17. The official city of Oklahoma city judicial policy and practices gave Defendant Jordan sole discretion to determine whether or not to file both charges. And because they were filed Plaintiff experienced severe emotional distress, public humiliation, malicious prosecution, and due process violation under the Due Process Clause of the Fourteenth Amendment and therefore subjected Plaintiff to a violation of 42 U.S.C. Section 1983.

18. The city of Oklahoma City acted recklessly, intentionally and with gross negligence , and that the lack of training was so grossly negligent that deprivation of Plaintiff's constitutional rights was the result of that lack of training.

### THIRD CAUSE OF ACTION

### DEFENDANT KENNETH JORDAN STEPPED OUTSIDE THE SCOPE OF HIS EMPLOYMENT AS MUNICIPAL COUNSELOR WHEN KNOWINGLY FILING FALSE CHARGES AGAINST PLAINTIFF

19. On or about June 12, 2019, Defendant Jordan filed an information in the office of the Municipal Counselor charging Plaintiff with Trespassing on Private Property, citation no. 18-540992X-01. As a result of Defendant's actions, Plaintiff was brought before the Municipal Court of Oklahoma County for the charge to be heard. The charge was ultimately dismissed on September 13, 2019 but not before Plaintiff had made a $345.00 bond. See exhibit C.

The actions of Defendant Jordan were wrong, malicious, and designed to embarrass and damage Plaintiff. Plaintiff suffered extreme mental and emotional anguish as a result of Defendant's wrongful action. Plaintiff has suffered harm to his reputation, humiliated and embarrassment by being forced to answer the false charge in court.

5.

20. Plaintiff would show that the actions of Defendant Jordan herein reflect a malicious intentional, willful, and reckless disregard of the rights of Plaintiff herein and warrant an award of punitive damages.

21. Plaintiff would show that the willful, flagrant, reckless and wanton acts of Defendant constitute malicious prosecution, false imprisonment, false arrest, intentional infliction of emotional distress and libel and slander and that Plaintiff is entitled to a Judgment of and against Defendant for compensatory and punitive damages.

## FOURTH CAUSE OF ACTION

### DEFENDANTS HANK BINKOWSKI AND SUSAN BINSOWSKI ARE LIABLE TO PLAINTIFF FOR FALSE ARREST, FALSE IMPRISONMENT, LIBEL AND SLANDER, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, PUBLIC HUMILIATION, AND MALICIOUS PROSECUTION

22. On May 29, 2019, Plaintiff proceeded to enter the Smart Saver grocery store located at 23rd and Martin L. King, Ave. Thereupon, after entering the store he noticed that there were two long lines of shoppers waiting in to pay for their items . Plaintiff approached one of the store employees and asked her to call the store manager who he would later learn was a black lady by the name of Carla Strickland.

23. Upon Carla Strickland approaching Plaintiff she began talking roughly to Plaintiff stating very belligerently that it was her store and instead of approaching her subordinates I was to contact her first. Plaintiff assured the store manager that he'd followed the right protocol and would do so again if the same thing occurred. At that point the store manager got upset and instructed a cashier to not sale ice cream to Plaintiff and ordered Plaintiff to leave the store.

24. Plaintiff was standing on the outside of the store talking to a security guard and assistant store manager when the Spring-Lake Division of the Oklahoma City Police arrived. Carla Strickland proceeded to speak to Lt. Spence, officer Reynolds and officer Aaron Richards about what had happened. She then stated to the officers that she wanted me arrested for trespassing. Officer Reynolds than grabbed my right arm and then my left arm, placed handcuffs on me, then escorted to me to the back seat of his scout car. See exhibit E hereto attached which is the incident report written by officer Reynolds.

6.

25. Store manager Strickland signed a citation prepared by officer Reynolds accusing Plaintiff of Trespassing on Private Property., citation no. 18-540992X-01. A short time later Plaintiff was whisked off and booked into the Oklahoma County jail where he remained until the next morning until his release. See exhibit F hereto attached.

26. Plaintiff posted a $345.00 bail on the Trespassing on Private property charge. See exhibit C. Trial on that charge was set for October 31, 2019 @ 2:00 p.m. Plaintiff was originally found guilty on the charge but it was later dismissed for want of prosecution. See exhibit D hereto attached.

27. At all times during my complaint Carla Strickland worked as a full time store manager at the Smart Saver Grocery Store which is owned by Hank Binkowski and Susan Binkowski.

28. Defendants Hank and Susan Binkowski are the owners of the Smart Saver Grocery Store located at 2001 N. Martin L. King, Ave, Oklahoma City, Oklahoma. However, since the incident unfolded the store was closed in August of 2019. Prior to the store closing, the Binkowski's engaged in the sale of food items, clothing, over the counter medicines and other merchandise. Carla Strickland was hired to run their store. The Binkowskis are directly and indirectly responsible for the actions of their subordinate procuring the unlawful arrest and confinement of Plaintiff.

29. The Binkowskis are directly and indirectly responsible for their agent Carla Strickland signing the false citation 18-549902-01, charging Plaintiff with Trespassing on Private Property thereby subjecting Plaintiff to libel and slander. See exhibit A hereto attached.

30. that because of the wrongful actions of these Defendants through their agent Carla Strickland and Defendants Reynolds, Spence and Richard participating in his unlawful arrest and detention in the Oklahoma County Jail, without warrant and without authority, Plaintiff suffered public humiliation, damage to his reputation as a community leader.

31. Defendant Hank and Susan Binkowski did subject Plaintiff to a deliberate deprivation of his constitutional right to not be searched and seized by virtue of the false arrest for trespassing on store

7.

property as reported by their employee Carla Strickland. As an incident to Carla Strickland calling the police Plaintiff was immediately searched, placed in handcuffs, then placed in the back seat of a scout car driven by officer Justin Reynolds of the Oklahoma City Police Department-Spring-Lake Division. A crowd of people going in and out of the grocery store and even passersby watched as Plaintiff was finally driven away in the back seat of the police car as if he were a criminal who had broken the law. See exhibit E hereto attached.

32. Plaintiff would show that the willful, flagrant, reckless and callous actions of Defendants Hank and Susan Binkowski constitute malicious prosecute, intentional infliction of emotional distress, public humiliation, false arrest, false imprisonment, libel and slander that Plaintiff is entitled to judgment against these Defendants in compensatory damages and punitive damages based on respondent-superior theory.

## FIFTH CAUSE OF ACTION

### DEFENDANTS LT. WADE, OFFICER JUSTIN REYNOLDS, GOSS AND OFFICER RICHARDS INTENTIONALLY STEPPED OUTSIDE THE SCOPE OF THEIR EMPLOYMENT AS POLICE OFFICERS AND SUBJECTED PLAINTIFF TO A DEPRIVATIONS OF HIS STATE AND FEDERAL CONSTITUTIONAL PROTECTED LIBERTY

33. On May 29, 2019, the above named Defendants arrived to the Smart Saver Grocery Store after being called by the store manager Carla Strickland. Upon their arrival they approached Plaintiff, store manager Strickland and a security guard standing outside in front of the store. Almost immediately upon reach Plaintiff Defendant Reynolds grabbed Plaintiff's arms, placed them behind his back and told him that he was under arrest for trespassing on private property. After Plaintiff was placed in the back seat of the scout car he asked Defendant Reynolds to call Lt. Wade Spence over because he wanted to talk to him. Defendant Spence walk over and talk to Plaintiff whereupon Plaintiff explained to him that he had committed no crime in their presence and that by arresting Plaintiff he was infringing on Plaintiff's protected liberty interest and violating his due process rights. At which point Defendant Wade Spence

8

stated, "Tell it to the judge."

34. The actions of Defendants Wade Spence, Justin Reynolds Aaron Richard and Goss conspiring to falsely arrest Plaintiff was a flagrant violation of 22 O. S. Section 196. That statute expresses in clear and unequivocable language when police officers are allowed to make warrantless arrests. Trespassing on private property isn't one of those listed in the catagories.

35. Defendants subjected Plaintiff to false imprisonment when Plaintiff was driven to the Oklahoma County Jail and placed under arrest. He remained illegally in jail and was released on May 30, 2019.

36. The flagrant, reckless and vicious actions of these defendants damaged Plaintiff's reputation as a community leader by wrongfully accusing him of committing the crime of trespassing on private property, subjected Plaintiff to public humiliation, intentional infliction of emotional distress, mental anguish, libel and slander as to Defendant Reynolds writing the citation for trespassing, no. 18-549902-01, which he later had store manager Carla Strickland sign.

37. Defendants Spence, Reynolds, Goss and Richards infringed on Plaintiff's constitutional right to be free from unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution and Art. 2, Section 30 of the Oklahoma Constitution.

38. That with Defendants actively participating in and actually arresting Plaintiff they violated his constitutional right to free speech under the Oklahoma Constitution, Art. 2, Section 22.

39. The flagrant, reckless and callous actions of Defendants causing Plaintiff's false arrest and false imprisonment also subjected him to malicious prosecution. The citation for Trespassing on Private Property was ultimately dismissed in court. The charge never would have been filed against Plaintiff had defendants not decided to step outside the scope of their employment as police officers to make the unconstitutional arrest of Plaintiff's person.

40. Plaintiff will show that the willful, flagrant, reckless and wanton actions of Defendants constitute malicious prosecution, libel and slander, false imprisonment, false arrest, intentional infliction of

9.

emotional distress, public humiliation, damage to reputation that plaintiff is entitled to judgment against Defendants in compensatory damages and punitive damages.

### SIXTH CAUSE OF ACTION

### SGT. MITCHELL MCCOY AND TIM COLEMAN CONSPIRED TO AND DID UNLAWFULLY FILE A CRIMINAL CITATION AGAINST PLAINTIFF FOR TRESPASSING ON SCHOOL PROPERTY IN VIOLATIONOF PLAINTIFF'S RIGHT TO DUE PROCESS

41. On August 23, 2019, Tim Coleman, Chief of Security for the Oklahoma City Public Schools District 89, met with Sgt. Mitchell McCoy where he complained to Sgt. McCoy that Plaintiff had violated an order not to appear on school property. At which point Sgt. McCoy wrote a citation against Plaintiff, no. 18-5092277-01. See exhibit F-1 which is the Oklahoma City Police report written by Sgt. McCoy and notice from The Oklahoma City Municipal Court of Record. See exhibit F-2.

42. Plaintiff was charged in Municipal Court with Trespassing on School Property and posted a $213.00 bond. See exhibit G. The case was set for trial on October 31, 2019 @ 2:00 p.m. Id. At that time the case was dismissed by order of the Judge. See exhibit H hereto attached.

43. The conspiratorial-unlawful conduct of Defendants McCoy and Coleman subjected Plaintiff to malicious prosecution as there was clear no grounds for the charge to be brought against him as was proven in the prosecution recommending dismissal of the charge.

41 The reckless, willful, wanton and callous behavior of Defendants subjected Plaintiff to an intentional infliction of emotional distress, public humiliation, and embarrassment by virtue of Plaintiff having to answer the false and bogus charge in court.

42. By conspiring to concoct the unfounded and bogus charge for trespassing on school property, Defendants Mitchell McCoy and Tim Coleman libeled and slandered Plaintiff character when the writing was made public and when the criminal charge was ultimately dismissed.

43. That the conspiratory actions of Defendants McCoy and Coleman were a flagrant violation of my constitutional right to due process as contemplated by Article2, Section 7 of the Oklahoma

10.

Constitution. "No person shall be deprived of life, liberty, or property without due process of law."

44. Plaintiff will show that the willful, reckless, flagrant and wanton actions of Defendants Coleman and McCoy constitute malicious prosecution, libel and slander, intentional infliction of emotional distress, public humiliation, denial of due process of law, conspiracy to file false and bogus criminal charges that Plaintiff is entitled to compensatory damages and punitive damages.

## SEVENTH CAUSE OF ACTION

### THE CITY OF OKLAHOMA CITY AND THE OKLAHOMA CITY PUBLIC SCHOOL SYSTEM ARE LIABLE TO PLAINTIFF FOR THE ACTIONS OF DEFENDANTS TIM COLEMAN AND SGT. MITCHELL MCCOY FOR THE ACTIONS THEY TOOK WHILE WORKING IN THEIR OFFICIAL CAPACITIES AS STATE AGENTS

45. On August 23, 2019, Tim Coleman, while working as the chief of security for the Oklahoma City Public Schools (OKCPS) Dist. 89 got together with Sgt. Mitchell Mccoy of the Oklahoma City Police Department, and while both were working under color of State law, did write a citation, number 18-5092277, charging Plaintiff with Trespassing on School Property. See Oklahoma City Police Report hereto attached exhibit F.

46. On October 31, 2019, Plaintiff was taken before a municipal court Judge and was exonerated of that charge but not before posting bond. See exhibits G-H.

47. That pursuant to being poorly trained of each Defendant violated the following of Plaintiff's state and city rights: (1) subjected Plaintiff to malicious prosecution as the charge for trespassing was ultimately dismissed by the city of Oklahoma City based on Plaintiff having not violated any city ordinance or school law, (2) subjected Plaintiff to libel and slander when they wrongfully accused him of trespassing on school property (committing a crime) and by publishing that written document through citation number 18-5092277.

48. That by virtue of the meritless charge being filed Defendants subjected Plaintiff to emotional distress, public humiliation, damage to Plaintiff's character, and violated his protected liberty interest.

11.

49. That by virtue of the actions these Defendants took while working within the scope of their employment, those actions violating the aforementioned rights, privileges and immunities Plaintiff alluded to, both state agencies are liable to Plaintiff in compensatory damages and punitive damages against the Oklahoma City Police Department and the Oklahoma City Public Schools, Dist. 89.

## EIGHTH CAUSE OF ACTION

### DEFENDANTS SEAN MCDANIEL AND JASON D. BROWN CONSPIRED TO AND DID UNLAWFULLY INFRINGE ON PLAINTIFF'S STATUTORY RIGHT TO ATTEND OPEN PUBLIC MEETINGS IN DIRECT VIOLATION OF THE OKLAHOMA OPEN MEETINGS ACT

50. On August 12, 2019, Plaintiff stood out in front of Classen SAS (School of Advanced Studies) protesting Oklahoma City Public School's decision to replace the name of Northeast Academy, a name given to the predominately black school, to the now name Classen SAS a predominately white school. While engaged in peaceful protest, a school security officer by the name of Ben Steffer approached Plaintiff handing him a letter written by Deputy School Superintendent Jason D. Brown on August 9, 2019. The school security officer began explaining to Plaintiff that he was barred from setting foot on any of the campuses owned by OKCPS. See exhibit I hereto attached. Approximately thirty minutes later this same security officer approached Plaintiff again this time handing him a letter written by Deputy Jason D. Brown on the day of the protest stating that Plaintiff was now barred from attending Oklahoma City Board of Education meetings and that if Plaintiff showed up he would subject himself to possible criminal charges being filed by the district attorney. See exhibit J hereto attached.

51. On August 12, 2019, Plaintiff attempted to attend the Oklahoma City School Board meeting. As he entered the building at Metro Tech where school board meetings are held, he was stopped by school board security Tim Coleman, Sgt. Mitchell McCoy and two other Oklahoma City Public Schools security staff. Defendant Coleman held a letter in his hand that he read to Plaintiff from Deputy Superintendent Jason D. Brown. The letter said that Plaintiff would be barred from attending all public Board of Education meetings for six (6) month. After Defendant Coleman finished reading the letter to

/2.

Plaintiff, he escorted Plaintiff out of the building. Plaintiff was wrongfully turned away from attending the school board meeting in flagrant violation of the Oklahoma Open Meetings Act 25 O.S. Section 301.

52. Upon recognizing the reckless and unconstitutional behavior of Defendant Jason D. Brown, two days later, on August 12, 2019, Plaintiff handed delivered a letter to the Board of Education written to Defendant Sean McDaniel in which he explained his desire to appeal the decision of Defendant Jason D. Brown to suspend Plaintiff's access to public board of education meetings. The letter was accepted by Defendant Brown which is indicated by his signature in the upper right corner of the letter. See exhibit K hereto attached.

53. Two days later, On August 14, 2019, Plaintiff wrote a letter to Defendant Sean McDaniel expressing his desire to appeal the six (6) month suspension barring Plaintiff from stepping foot on any OKCPS campuses. See exhibit L hereto attached.

54. On August 16, 2019, Defendant Sean McDaniel accompanied by Oklahoma city Public School attorney Jessica Sherill conducted an appeal hearing whereby Plaintiff was given a chance to explain why neither the six month ban on attending public School Board meetings or having access to OKCPS campuses should be upheld. On August 20, 2019, Plaintiff received a letter from Defendant Sean McDaniel stating that the suspensions would remain in place threatening that if Plaintiff showed up to either he would be immediately removed by Oklahoma City Police Department and that the district attorney may charge Plaintiff with a misdemeanor as per 21 O.S. Section 1376. See exhibit M hereto attached.

55. Defendants Jason D. Brown and Sean McDaniel conspired to and did violate Plaintiff's protected liberty interest in relations to 21 O.S. Section 1376 as his behavior on the school campus at Northeast Academy on July 19, 2019, did not interfere with any school activity for students because school was out for summer break, and he did not commit a criminal act on the campus. Defendants would have been justified barring Plaintiff had he engaged in either activity. See exhibit N hereto.

13.

56. That by virtue of the deliberate, reckless and flagrant refusal of defendants to enforce Plaintiff's right to attend Oklahoma public school board meetings Defendants knowingly and wantonly denied Plaintiff access for a six (6) month period beginning on August 12, 2019 and ending on February 12, 2020. Plaintiff even made both Defendants aware that they had no such authority to bar him from attending the public school board meetings. See exhibit K and O hereto attached. Such actions violated Plaintiff's guaranteed right pursuant to 25 O.S. Section 301 "Open Meeting Act." See exhibits I-J.

57. That the unconstitutional actions of Defendants McDaniel and Jason D. Brown were arbitrary and designed and committed against Plaintiff because he is black and a political activist and their wrongful actions violated Plaintiff Fourteenth Amendment to Equal Protection of the laws and Due Process as enumerated under Art. 2, Section 7 of the Oklahoma Constitution and 42 U.S. C Section 1981, and the Fourteenth Amendment to the United States Constitution.

58. Defendants McDaniel and Brown abused their authority and stepped outside the scope of their authority when taking the unconstitutional steps to bar Plaintiff from having access to the public school board meetings and such actions violated Plaintiff's Ninth Amendment to the United States Constitution.

59. Defendants Brown and McDaniel knew or should have known that neither has voting power on the Board of Education and that the board is responsible for disciplining anyone who violates their meetings.

60. That the illegal actions of Defendants McDaniel and Brown barring Plaintiff from the School board meetings was in retaliation for Plaintiff standing out in front of Classen SAS exercising his First Amendment right to free speech and his State constitutional right pursuant to Article 2, Section 22 as is evident by the fact that they had no such authority or rational basis under Oklahoma law to prohibit Plaintiff from attending the Oklahoma City School Board meetings.

61. Upon learning of Defendants Sean McDaniel's plan to bar Plaintiff from Oklahoma City Public

14.

School Board meetings, Plaintiff immediately wrote a letter of concern to Defendant and Board of Education chair Paula Lewis requesting she intervene and prevent Defendants Brown and McDaniel from barring Plaintiff from the public school board meetings.

62. Although Defendant Paula Lewis was made aware of the illegal actions of Defendants Jason D. Brown and Sean McDaniel denying him access to the public school board meeting she did nothing to intervene and for six (6) months, being on August 12, 2019 and ending on February 12, 2020. She was therefore deliberately indifference to Plaintiff's constitutional and statutory right to attend the public school board meetings.

## NINTH CAUSE OF ACTION

### DEFENDANTS SEAN MCDANIEL AND JESSICA SHERRILL TOGETHER AND WITH FULL KNOWLEDGE PURPOSELY DEPRIVED PLAINTIFF OF HIS RIGHT TO A FAIR AND IMPARTIAL REVIEW OF THE APPEAL OF THE SUSPENSIONS DENYING ACCESS TO OKLAHOMA CITY SCHOOL FUNCTIONS AND OKLAHOMA CITY BOARD OF EDUCATION MEETINGS

63. On August 12, 2019, Ben Steffer a security officer with the Oklahoma City Public Schools system hand delivered Plaintiff a letter from by Defendant Jason D. Brown Deputy Superintendent of Oklahoma City Public School. The letter, which was written on the day Plaintiff was standing out in front of Classen SAS protesting the predominately black school being turned a predominately white school. The letter informed Plaintiff that he would not be allowed to any Board of education meetings based on an alleged threat Plaintiff made to Defendant Sean McDaniel Superintendent of Oklahoma city Public Schools. At the time of this alleged threat, and on the day the letter was delivered to Plaintiff Defendant McDaniel was standing with other school staff while Plaintiff was protesting out in front of the school.

64. That same night of this incident, Plaintiff attempted to enter Metro tech Center to attend the Oklahoma City School Board meeting but he was met by school security Tim Coleman, Sgt. Mitchell McCoy, and several other school security staff. Whereupon Defendant Coleman began to read the same letter that Defendant Ben Steffer had hand delivered to Plaintiff out in front of the school that day. See

15.

exhibit J.

65. Defendant Coleman stated to Plaintiff that Deputy Superintendent Jason Brown had barred me from attending any school board meeting for six (6) months. After Defendant Tim Coleman finished reading the letter to Plaintiff, he escorted Plaintiff out the door and Plaintiff was not allowed to attend the public forum.

66. On August 12, 2019, Plaintiff wrote a letter to Defendant Sean McDaniel expressing his desire to appeal the decision of Defendant Jason D. Brown to suspend his right to attend school functions and Oklahoma City Public School Board meetings. See exhibit K. Defendant Brown acknowledged having received the letter on behalf of Defendant McDaniel at 11:00 a.m. on August 13, 2019. Id.

67. On August 14, 2019, Plaintiff wrote another letter to Defendant Sean McDaniel expressing his desire to appeal Defendant Jason D. Brown's decision to suspend him from all school functions within the Oklahoma City Public Schools system. See exhibit L. In that same letter Plaintiff asked Defendant McDaniel to recuse himself from hearing the matter of the appeals due to his being present at Classen SAS at the time of Plaintiff protesting, when Plaintiff allegedly made the threat against him, and  when the two letters barring Plaintiff from school functions and board meetings were written by Defendant Brown. Id. Plaintiff felt that there was no way he'd be given a fair and impartial review of his alleged actions with Defendant McDaniel hearing the appeal after he'd allegedly witnessed Plaintiff's conduct on August 12, 2019.

68. On August 16, 2019, Plaintiff met with Defendant Sean McDaniel and Defendant Jessica Sherill at the school district main office. Thereupon Plaintiff learned that Defendant McDaniel would take up the matter of his appeal. Once again Plaintiff asked Defendant McDaniel to excuse himself because Plaintiff felt that there was no way he'd be unbiased after having been present at the school when the alleged behavior of Plaintiff transpired. Defendant McDaniel declined stating all appeals must go through him.

69. The review of the appeal process concluded after about thirty minutes at which point Defendant

16.

McDaniel stated that he would get back to Plaintiff with his decision. On August 20, 2019, Defendant McDaniel affirmed both six month suspensions. See exhibit M hereto attached.

70. Defendant McDaniel knowingly, recklessly and wantonly infringed on Plaintiff's fundamental right to a fair and impartial due process hearing when conducted the hearing on the two suspensions based on his being present at the school when these alleged incidents occurred.

71. Defendant McDaniel knew that by affirming the suspensions that such behavior would infringe on Plaintiff's right to equal protection of the law in violation of the Fourteenth Amendment to the U.S. Constitution and in violation of Art II, Section 7 of the Oklahoma Constitution.

72. Defendants Jessica Sherill and Sean McDaniel conspired to and did unlawfully conduct the hearing on my appealing the six month suspensions from attending school events and from attending Oklahoma City Board of Education public meetings in violation of Plaintiff's protected liberty interest.

73. The direct, vicious, reckless and callous actions of Defendants Sherill and McDaniel upholding the suspensions infringed on Plaintiff's protected liberty interest to free speech under the First Amendment and Art II, Section 22 of the Oklahoma Constitution.

74. Defendants Sherill and McDaniel knew or should have known that Jason D. Brown had no authority to suspend Plaintiff from attending school board meetings and yet they failed to correct that wrongful action and instead acquiesced in it when they denied his appeal. Their unlawful actions was a flagrant and disregard for Plaintiff's right to attend public school board meetings and a flagrant and reckless infringement on his right to peaceably assemble with all other residents who were allowed to attend those meetings. See 25 O.S. Section 301 "Open Meetings Act."

17.

## TENTH CAUSE OF ACTION

### OKLAHOMA CITY PUBLIC SCHOOL DISTRICT 89 AND DISTRICT BOARD OF EDUCATION ARE LIABLE TO PLAINTIFF FOR FAILING TO PROPERLY TRAIN DEFENDANTS SEAN MCDANIEL AND PAULA LEWIS TO CARRY OUT THEIR DUTIES AS SCHOOL EMPLOYEES

75. Defendant Sean McDaniel upheld a six (6) month suspension denying Plaintiff the right to attend Oklahoma City public school board meetings. Defendant McDaniel upheld the suspension.

76. The Oklahoma School District and Oklahoma City Board of Education had the sole duty and responsibility to adequately train Defendant McDaniel to stay within the restraints of his assigned duties as Superintendent of Public Schools. However, their failing to do so resulted in Plaintiff being deprived of his 14th Amendment right to due process and equal protection and those held under Art.II, Section 7 of the Oklahoma Constitution.

77. Defendants Board of Education and Oklahoma City School District 89 subjected Plaintiff to invidious discrimination based on his being a political activist and African American.

78. Defendant Paula Lewis chair of the Oklahoma City Board of Education directly acquiesced in the conduct of Defendant Sean McDaniel when she failed to intervene and overrule Defendant McDaniel's his inappropriate decision to uphold the six (6) months that Plaintiff would not be allowed to attend school board meetings.

79. The actions of both Defendants Lewis and McDaniel subjected Plaintiff to invidious discrimination because he is an African America who was targeted for their racial and invidious discrimination because of his opposing and independent political views.

80. The failure of the Oklahoma City School Dist.89 and Oklahoma City School Board of Education to properly train Defendants Sean McDaniel, Jessica Sherrill, Jason D. Brown, Tim Coleman and Paula Lewis was reckless, intentional, and grossly negligent that a deprivation of Plaintiff's constitutional rights and statutory rights resulted from that failure to properly train. The failure to properly train its

18.

employees is the moving force behind the violations which have occurred.

Wherefore, premises considered, Plaintiff, Michael C. Washington, respectfully prays that is Court

enter judgment in his favor and against all Defendants in excess of Ten (10) Million Dollars ($10,000,000)

for intentional infliction of emotional distress, denial of due process and equal protection, state tort

violations, for failure to properly train and negligence.

Additionally, Plaintiff seeks prejudgment interest and any other expenses incurred in connection

with this cause of action and any other relief that this Court deems proper and just.

Respectfully submitted,

Michael C. Washington
Chief Paralegal
P. O. Box 53513
Oklahoma City, Oklahoma 73152

## VERIFICATION

STATE OF OKLAHOMA    )
COUNTY OF OKLAHOMA   )

I, Michael C. Washington, of sound mind and legal age, and upon my oath do depose and state that I

am the Plaintiff in this above cause that I have read the allegations contained herein and have fully read

them and that the same is true to the best of my understanding and belief.

Further affiant saideth not.

Michael C. Washingon
Affiant

Subscribed and sworn to before me
this 24 day of February 2020

Notary Public

19