## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MICHAEL C. WASHINGTON,      )
                                    )
      *Plaintiff,*              )
v.                             )   Case No. CIV-20-266-D
                                    )
CITY OF OKLAHOLA CITY, *et al.,*   )
                                    )
      *Defendants.*          )
                                    )
                                    )

## O R D E R

Before the Court is Plaintiff Michael C. Washington's *pro se* Motion for Leave to File Supplemental Petition for Damages [Doc. No. 45].  Defendants have responded in opposition [Doc. Nos. 55,56].

In a separate Order, the Court granted Plaintiff leave to amend his original pleading, which has filed in state court.  Plaintiff thereafter timely filed an amended pleading [Doc. No. 40], which mooted Defendants' pending motions to dismiss. Defendants filed responsive pleadings and renewed motions to dismiss Plaintiff's Amended Complaint.  Plaintiff then filed the instant motion, asking the Court, once again, for leave to amend his pleading to include an additional cause of action and information as to damages.

"[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330 (1971). Rule 15 states that "leave shall be freely given when justice so requires."  FED. R. CIV. P. 15(a). The purpose of the Rule is to provide litigants "the

1

maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006).

The Tenth Circuit has found untimeliness alone a sufficient reason to deny leave to amend, "especially when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West, Inc*., 3 F.3d 1357, 1365–66 (10th Cir. 1993) (collecting cases). "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *State Distribs., Inc. v. Glenmore Distilleries Co*., 738 F.2d 405, 416 (10th Cir. 1984); *accord Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994).

Defendants argue that Plaintiff was aware of the information in his proposed Second Amended Complaint, as evidenced by an email exchange dated March 9, 2020. *See* Resp. [Doc. No. 55] at 5. Certainly, it seems the events upon which the proposed amendment is premised took place before Plaintiff's first motion seeking leave to amend. *See* Resp. [Doc. No. 56] at 2. Plaintiff, however, seeks to include information additional to that contained in the email exchanges, and considered under the Rule 15 standard allowing for liberal grants of leave, the Court finds Plaintiff's Motion should be and is hereby granted.

The Court notes Defendants' objections and, absent compelling circumstances, does not foresee granting further similar requests for leave to amend.  Plaintiff will not be allowed to impede the progress of this case, and continuously shift the nature of the

allegations and claims to which Defendants must respond, through repeated amendments.

The filing of Plaintiff's amended pleading will moot pending motions to dismiss. *See, e.g., Essex Ins. Co. v. Sheppard & Sons Constr., Inc.*, No. CIV-12-1022-D, 2015 WL 11752917, at *10 (W.D. Okla. July 9, 2015).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Supplemental Petition for Damages [Doc. No. 45] is **GRANTED**.  Plaintiff shall file his amended pleading within seven (7) days of the issuance of this order.

**IT IS FUTHER ORDERED** that Defendants' Motions to Dismiss [Doc. Nos. 42,43,47,51–54] are **DENIED AS MOOT.**

**IT IS SO ORDERED** this 12th day of June, 2020.

 

 

TIMOTHY D. DeGIUSTI
Chief United States District Judge