### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL C. WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-20-266-D |
| ) | |
| CITY OF OKLAHOMA CITY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

### ORDER

Before the Court is the Motion to Dismiss Plaintiff's Amended Petition and Brief in Support by Defendant, Esperanza Real Estate, LLC [Doc. No. 87]. Plaintiff filed a response [Doc. No. 93], to which Defendant replied [Doc. No. 96]. The matter is fully briefed and at issue.

### BACKGROUND

This case centers around two separate incidents. Relevant here is an incident that occurred in an Oklahoma City grocery store. Plaintiff was at the Smart Saver grocery store on May 29, 2019. After Plaintiff had a verbal encounter with the manager, he was asked to leave. Ultimately, Plaintiff was arrested and charged with trespassing on private property. The charges were eventually dismissed, and Plaintiff filed a lawsuit in state court on March 2, 2020. The suit was removed to federal court on March 23, 2020.

On May 11, 2020, Plaintiff sought leave to file an amended complaint, which the Court granted. *See* Order [Doc. No. 36]. On June 12, 2020, the Court allowed Plaintiff to file a supplemental complaint to include an additional cause of action and information as

1

to damages. *See* Order [Doc. No. 59].[1] In his Supplemental Complaint [Doc. No. 60], Plaintiff alleged that Esperanza Real Estate Investments, LLC ("Esperanza") was hired to run the daily operations of the Smart Saver grocery store, and it failed to properly train its store manager. Accordingly, Plaintiff argues that Esperanza should be liable for certain constitutional and tort claims.[2]

Esperanza counters that it merely owns the property where the incident occurred. Nevertheless, the Court looks to the allegations contained in Plaintiff's operative pleading to determine whether he adequately states a claim against Esperanza.

## STANDARD OF DECISION

A complaint must contain "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court will accept as true all well-pled factual allegations and construe them in the light most favorable to the plaintiff. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it does need "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citation omitted). A complaint must "contain sufficient factual matter,

---

[1] The Supplemental Complaint [Doc. No. 60] restates the allegations of the Amended Complaint [Doc. No. 40], and thus is treated by the Court as the operative pleading.

[2] Plaintiff alleges that Esperanza is liable for false imprisonment, false arrest, malicious prosecution, intentional infliction of emotional distress, public humiliation, mental anguish, defamation of character, libel, slander, and a violation of the Fourth Amendment.

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

"[T]he tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. *See also Twombly*, 550 U.S. at 558 ("[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (citation omitted). Courts may "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

## DISCUSSION

Plaintiff, in his Supplemental Complaint, urges that Esperanza should be held liable because it was "hired . . . to run the day to day operations of the former Smart Saver grocery store." Suppl. Compl. [Doc. No. 60] ¶ 93. Further, Plaintiff alleges Esperanza "failed in [its] duty to properly train [its] store manager Carla Strickland." *Id.* ¶ 94. Esperanza seeks dismissal of the claims against it under FED. R. CIV. P. 12(b)(6), arguing that it merely owned the property where the incident occurred.

In his Response Brief [Doc. No. 93], Plaintiff counters that Esperanza shares an address with other persons and entities, including Buy For Less, Inc., Uptown Grocery, Smart Saver, BFL-MLK, LLC, and Mike Beckwith. According to Plaintiff, because of this,

"[i]t is a sure bet that Esperanza Real Estate Investments LLC was managing its commercial property and former Smart Saver grocery store hired to do so by BFL-MLK-LLC." Pl.'s Resp. Br. [Doc. No. 93] at 3. Plaintiff argues that sharing a common address and owners "leaves one with a clear impression that Esperanza was more than a 'landlord.'" *Id.*

Under Oklahoma law, once an LLC is formed, it is "a separate legal entity." OKLA. STAT. tit. 18, § 2004(b)(1). This entity exists apart from its members. Esperanza Real Estate Investments, LLC and BFL-MLK, LLC are separate entities, despite sharing an address or common members.[3] Plaintiff's allegations provide no basis for the assertion of a plausible claim against Esperanza. Plaintiff's assertion that Esperanza was "more than a 'landlord'" is based entirely on conjecture and bare conclusions. In his operative pleading, Plaintiff makes the leap from an alleged common ownership to Esperanza being responsible for the daily operations of the grocery store. *See, e.g.*, Suppl. Compl. [Doc. No. 60] ¶ 99 ("Said real estate company being owned by Defendants Hank Binkowski and Susan Binkowski. The real estate company was therefore responsible for the day to day operation of the formerly Smart Saver grocery store . . . ."). Moreover, allegations that Esperanza was hired to conduct such operations are conclusory, devoid of factual support. Thus, the

---

[3] According to the Oklahoma Secretary of State, Esperanza Real Estate Investments, LLC, is a domestic limited liability company formed on April 20, 2005. Susan Binkowski is the registered agent. As of the date of this Order, the entity is active, and the address is 12115 Old Mill Rd, Oklahoma City, OK, 73131. BFL-MLK, LLC, is a domestic limited liability company formed on April 15, 2010. Christin Muggs Adkins & Associates, PLLC is the registered agent. As of the date of this Order, the entity is inactive, and the address is 1008 S. Bryant Ave., Suite 100, Edmond, OK 73034.

Supplemental Complaint lacks factual content sufficient for the Court to draw the reasonable inference that Esperanza is liable for the misconduct alleged.

## CONCLUSION

For the foregoing reasons, the instant Motion [Doc. No. 87] is **GRANTED**, and the claims against Defendant Esperanza are dismissed without prejudice.

**IT IS SO ORDERED** this 29th day of January, 2021.

*/s/ Timothy D. DeGiusti*
TIMOTHY D. DeGIUSTI
Chief United States District Judge