## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL C. WASHINGTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-20-266-D |
| CITY OF OKLAHOMA CITY, et al., | ) ) ) |
| Defendants. | ) ) ) |

### O R D E R

Before the Court is the Motion to Dismiss Plaintiff's Supplemental Petitioin [sic] and Brief in Support by Defendant, Mike Beckwith [Doc. No. 89]. Plaintiff filed a response [Doc. No. 100], to which Defendant replied [Doc. No. 101]. The matter is fully briefed and at issue.

### BACKGROUND

This case centers around two separate incidents. Relevant here is an incident that occurred in an Oklahoma City grocery store. Plaintiff was at the Smart Saver grocery store on May 29, 2019. After Plaintiff had a verbal encounter with the manager, he was asked to leave. Ultimately, Plaintiff was arrested and charged with trespassing on private property. The charges were eventually dismissed, and Plaintiff filed a lawsuit in state court on March 2, 2020. The suit was removed to federal court on March 23, 2020.

On May 11, 2020, Plaintiff sought leave to file an amended complaint, which the Court granted. *See* Order [Doc. No. 36]. On June 12, 2020, the Court allowed Plaintiff to file a supplemental complaint to include an additional cause of action and information as

1

to damages. *See* Order [Doc. No. 59].[1] In his Supplemental Complaint [Doc. No. 60], Plaintiff alleged that Mike Beckwith was liable for constitutional and tort violations.[2] Plaintiff argues that Beckwith was the CEO of BFL-MLK, LLC, and he hired Esperanza Real Estate, LLC ("Esperanza") to run the daily operations of the Smart Saver grocery store.

Beckwith counters that Plaintiff fails to state a claim upon which relief can be granted because he is not a proper party to the lawsuit. Beckwith states that he retired from employment on July 1, 2017, and the incident did not occur until May 29, 2019. The Court looks to the allegations contained in Plaintiff's operative pleading to determine whether he adequately states a claim against Beckwith.

## STANDARD OF DECISION

A complaint must contain "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court will accept as true all well-pled

---

[1] The Supplemental Complaint [Doc. No. 60] restates the allegations of the Amended Complaint [Doc. No. 40], and thus is treated by the Court as the operative pleading.

[2] Defendant argues that Plaintiff did not request leave of Court to add Beckwith as a party. *See* Def.'s Mot. at 2. When Plaintiff filed his motion for leave to file a supplemental complaint, he attached a proposed pleading. *See* [Doc. No. 45]. In compliance with LCvR15.1, the proposed pleading did not differ from the supplemental complaint that was filed [Doc. No. 60]. Thus, the Court had notice of the allegations against Beckwith when it granted Plaintiff leave to file a supplemental complaint.

factual allegations and construe them in the light most favorable to the plaintiff. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it does need "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citation omitted). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

"[T]he tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. *See also Twombly*, 550 U.S. at 558 ("[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (citation omitted). Courts may "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

## DISCUSSION

In his Supplemental Complaint, Plaintiff asserts that Beckwith, as CEO of BFL-MLK, LLC, "hired Esperanza Real Estate Investments, LLC to run the day to day operations of the former Smart Saver grocery store." Suppl. Compl. [Doc. No. 60] ¶ 93. Plaintiff also argues that Beckwith, as a former part owner of the grocery store, is

3

responsible for the alleged tort and constitutional violations.[3] *Id.* Beckwith seeks dismissal of the claims against him under FED. R. CIV. P. 12(b)(6), arguing that he did not work for the company at the time the incident occurred.

In his Response Brief [Doc. No. 100], Plaintiff counters that Beckwith must attach proof that he was not employed at the time of the incident. Plaintiff alleges there was a contract between BFL-MLK, LLC, and Esperanza. *Id.* at 2. Plaintiff states that "facts remain" whether Beckwith was a part of the alleged contract. *Id.* at 3. Plaintiff also asserts that BFL-MLK, LLC and Esperanza shared the same address—along with other companies owned by Defendants Hank and Susan Binkowski. *See* Pl.'s Resp. Br. [Doc. No. 100] at 2. Plaintiff claims that Beckwith should be liable for false arrest,[4] false imprisonment,[5]

---

[3] Plaintiff makes the allegations against Beckwith in the "Twelweth Cause of Action" in the Supplemental Complaint [Doc. No. 60]. It appears that Plaintiff is only asserting Beckwith should be liable for unreasonable search and seizure. *See* Suppl. Compl. [Doc. No. 60] ¶ 101. Plaintiff clarifies in his Response Brief, however, that the alleged causes of action are false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, libel, slander, and unreasonable search and seizure. *See* Pl.'s Resp. Br. [Doc. No. 100] at 3.

[4] False arrest is "the unlawful restraint of an individual against his will." *Delong v. State ex rel. Okla. Dep't of Pub. Safety*, 1998 OK CIV APP 32, ¶ 5, 956 P.3d 937, 938. Plaintiff does not allege facts that would allow the Court to draw a reasonable inference that Beckwith unlawfully restrained Plaintiff against his will.

[5] The elements for false imprisonment are "(a) the detention of a person against his . . . will and (b) the unlawfulness of the detention." *Walters v. J.C. Penney Co., Inc.*, 2003 OK 100, ¶ 9, 82 P.3d 578, 583. Plaintiff's assertion of false imprisonment is devoid of supporting factual allegations.

malicious prosecution,[6] intentional infliction of emotional distress,[7] libel and slander,[8] and unreasonable search and seizure.[9] *Id.* at 3.

The facts alleged by Plaintiff fail to provide a factual basis to assert these claims against Beckwith. Even if Beckwith was CEO of BFL-MLK, LLC at the time of the incident, and even if he did hire Esperanza to oversee the store, Plaintiff fails to provide facts to support the inference that Beckwith could be liable for the alleged tort and constitutional violations. Furthermore, in his operative pleading, Plaintiff makes unsupported leaps of logic. Plaintiff first alleges that Beckwith was the CEO, but in the same sentence, he goes on to state that Beckwith was part-owner of the store. *See* Suppl.

---

[6] The elements of malicious prosecution are "1) defendant's filing a former action, 2) its successful termination in favor of plaintiff, 3) defendant's want of probable cause for pressing the former action against plaintiff, 4) the presence of malice in defendant's conduct, and 5) damages." *Lierly v. Tidewater Petroleum Corp.*, 2006 OK 47, ¶ 18, 139 P.3d 897, 903. Plaintiff provides no facts to support the notion that Beckwith was involved in filing the action or that the action was unsupported by probable cause.

[7] The elements for intentional infliction of emotional distress are "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Hicks v. Central Oklahoma United Methodist Retirement Facility, Inc.*, 2017 OK CIV APP 23, ¶ 26, 23 P.3d 684, 697. Plaintiff does not allege any facts that Beckwith intentionally or recklessly acted to cause Plaintiff's distress.

[8] In Oklahoma, "[i]n order to recover for defamation [either libel or slander], a private figure must prove (1) a false and defamatory statement, (2) an unprivileged publication to a third party, (3) fault amounting at least to negligence on the part of the publisher; and (4) either the actionability of the statement irrespective of special damage [per se], or the existence of special damage [per quod]." *Tanique, Inc. v. State ex rel. Okla. Bureau of Narcotics and Dangerous Drugs*, 2004 OK CIV APP 73, ¶ 29, 99 P.3d 1209. Plaintiff has not alleged facts to support that Beckwith acted to publish a false, defamatory statement about him.

[9] The Fourth Amendment to the United States Constitution forbids unreasonable searches and seizures by government actors, not private citizens. *See* U.S. CONST. amend. IV.

Compl. [Doc. No. 60] ¶ 93 ("Mike Beckwith, C.E.O. of BFL MLK LLC, hired Esperanza . . . to run the day to day operations of the former Smart Saver grocery store and as part owners of the former Smart Saver grocery store Defendants Beckwith and BFL MLK LLC are responsible for the tort violations and Constitutional violations . . . ."). This assertion of ownership is devoid of factual support. In sum, the Supplemental Complaint lacks facts sufficient for the Court to draw the reasonable inference that Beckwith is liable for the misconduct alleged.

## CONCLUSION

For the foregoing reasons, the instant Motion [Doc. No. 89] is **GRANTED**, and the claims against Defendant Mike Beckwith are dismissed without prejudice.

**IT IS SO ORDERED** this 10th day of January, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge