IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL C. WASHINGTON, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CITY OF OKLAHOMA CITY, et al., )<br>)<br>Defendants. )<br>)<br>) | Case No. CIV-20-266-D |

**O R D E R**

Before the Court is Defendant City of Oklahoma City's Motion to Dismiss Plaintiff's Supplemental Petition and Brief in Support [Doc. No. 65]. Plaintiff filed a response [Doc. No. 106], addressing multiple pending motions to dismiss [Doc. Nos. 65, 66, 67]. Defendant did not file a reply.

**BACKGROUND**

This case centers around two separate incidents, both of which are relevant. First, an incident occurred in an Oklahoma City grocery store in May 2019. Plaintiff was at the Smart Saver grocery store. After a verbal encounter with the manager, he was asked to leave. Ultimately, Plaintiff was arrested and charged with trespassing on private property. The charges were eventually dismissed. Second, an incident occurred on Oklahoma City Public School grounds in August 2019. Plaintiff received a citation for violating an order not to appear on school property. The charges were eventually dismissed.

Plaintiff filed a lawsuit related to both incidents in state court on March 2, 2020. The suit was removed to federal court on March 23, 2020. On May 11, 2020, Plaintiff

1

sought leave to file an amended complaint, which the Court granted. *See* Order [Doc. No. 36]. On June 12, 2020, the Court allowed Plaintiff to file a supplemental complaint to include an additional cause of action and information as to damages. *See* Order [Doc. No. 59].[1]

Plaintiff alleges that the City of Oklahoma City ("the City") is liable for the conduct of its officers during Plaintiff's two arrests. *See* Suppl. Compl. [Doc. No. 60] ¶ 5. Plaintiff alleges the City is liable for "extreme emotional distress, mental anguish and public humiliation." *Id.* ¶ 7. Further, Plaintiff alleges that "the acts of [the officers] taken within the scope of their employment nevertheless resulted in Plaintiff being falsely arrested and falsely imprisoned. . . ." *Id.* ¶ 9. Plaintiff seeks to hold the City liable for libel, slander, violations of the First Amendment, violations of due process, a violation of the Fourth Amendment, and negligent infliction of emotional distress. *Id.* ¶¶ 10–14. The City has moved to dismiss Plaintiff's Supplemental Complaint under FED. R. CIV. P. 12(b)(4)[2], 12(b)(5), 12(b)(6)[3], and 41. *See* Mot. to Dismiss [Doc. No. 65] at 1.

---

[1] The Supplemental Complaint [Doc. No. 60] restates the allegations of the Amended Complaint [Doc. No. 40], and thus is treated by the Court as the operative pleading.

[2] Though Defendant moves to dismiss for insufficient process under Rule 12(b)(4), the Motion to Dismiss [Doc. No. 65] provides no facts as to how the summons was insufficient. Plaintiff, in his Response [Doc. No. 106], addresses only the insufficient service of process allegations under Rule 12(b)(5). The argument pertaining to Rule 12(b)(4) need not be addressed.

[3] The Court does not address the Rule 12(b)(6) arguments because it lacks jurisdiction over the City due to defective service of process as set forth herein.

## STANDARD OF DECISION

A motion under FED. R. CIV. P. 12(b)(5) challenges the "mode of delivery or the lack of delivery of the summons and complaint." *Craig v. City of Hobart*, No. CIV-09-0053-C, 2010 WL 680857, at *1 (W.D. Okla. Feb. 24, 2010). Once a defendant makes a Rule 12(b)(5) motion, "plaintiffs bear the burden of demonstrating that they complied with all statutory and due process requirements." *Id.* "'The parties may submit affidavits and other documentary evidence for the Court's consideration, and plaintiff is entitled to the benefit of any factual doubt.'" *Id.* (citation omitted).

In removed cases, the federal court should "look to the law of the forum state . . . to determine whether service of process was perfected prior to removal." *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010). If service is not perfected before removal, or the process served later "proves to be defective," the Court may allow for service to be completed or issue new service in compliance with FED. R. CIV. P. 4. 28 U.S.C. § 1448. *See also Wallace*, 596 F.3d at 706.

## DISCUSSION

The City argues the claims against it should be dismissed for insufficient service. *See* Mot. to Dismiss [Doc. No. 65] at 7. The City asserts that Plaintiff served individual City employees at the Oklahoma City Police Department, Municipal Court, and Municipal Counselor's Office. *Id.* at 8. Plaintiff, in his Response Brief, concedes that "[the City], and other individual employees were served at the Oklahoma City Police Department, the Oklahoma City Municipal Court and the Oklahoma City Municipal Counselor's . . . ." Pl.'s Resp. Br. [Doc. No. 106] at 9.

Oklahoma relies on a three-part test regarding sufficiency of service of process: "'(1) Is there a statute authorizing the method of service employed?; (2) Have the requirements of the statute been observed?; and (3) Have fundamental due process requirements been met?'" *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 799 (10th Cir. 2008) (citation omitted). Under the first prong, service of process in Oklahoma is governed by OKLA. STAT. tit. 12, § 2004. Municipal corporations are governed by § 2004(C)(1)(c)(5), which states that service shall be made:

> upon a . . . municipal corporation . . . by delivering a copy of the summons and of the petition to the officer or individual *designated by specific statute*; however, if there is no statute, then upon the chief executive officer or a clerk, secretary, or other official whose duty it is to maintain the official records of the organization.

(emphasis added). Municipalities have a specific statute that designates who can accept service of process. *See* OKLA. STAT. tit. 11, § 22-103. This law provides that "[a]ny notice or process affecting a municipality shall be served upon the municipal clerk, or in his or her absence then upon a deputy municipal clerk and upon the mayor." *Id.*

The inquiry thus turns to whether Plaintiff observed the requirements of OKLA. STAT. tit. 11, § 22-103 when serving the City. The City Clerk for Oklahoma City is Frances Kersey. *See* CITY CLERK, https://www.okc.gov/departments/city-clerk (last visited Feb. 9, 2021). Exhibit 3 to the Notice of Removal [Doc. No. 1-3] indicates that Plaintiff served "Rachel Bratcher, Legal Clerk" on behalf of the City of Oklahoma City.[4]

---

[4] The returned summons states that "Rachel Bratcher, Legal Clerk" was served on behalf of the City on March 4, 2020, at 1:42 p.m. *See* Notice of Removal, Ex. 3 [Doc. No. 1-3] at 1. Page two states that "Rachel Bratcher, Legal Clerk" was also served on behalf of the City on March 5, 2020, at 8:17 a.m. *See* Notice of Removal, Ex. 3 [Doc. No. 1-3] at 2.

In his Response, Plaintiff correctly asserts that substantial compliance is the proper rule for service of process in Oklahoma. *See* Pl.'s Resp. Br. [Doc. No. 109] at 5; *see e.g.*, *Hukill*, 542 F.3d at 798; *Habyarimana v. Kagame*, 821 F. Supp. 2d 1244, 1252 (W.D. Okla. 2011), *aff'd*, 696 F.3d 1029 (10th Cir. 2012). The inquiry, then, shifts to whether Plaintiff substantially complied with the requirements set forth in OKLA. STAT. tit. 12, § 2004. The relevant inquiry, therefore, is whether Plaintiff substantially complied with the requirements set forth in OKLA. STAT. tit. 11, § 22-103.

The Court finds that Plaintiff did not substantially comply with the statutory requirements. The statute requires Plaintiff to serve the municipal clerk. If the municipal clerk cannot be served, then Plaintiff must serve a deputy municipal clerk and the mayor. *See* Att'y General Op. No. 2019-9, 2019 WL 7046022, at *1 (Okl. A.G. Dec. 17, 2019) ("Service of process to a municipality pursuant to 11 O.S. 2011, § 22-103 must be made upon the municipality's mayor only in the absence of the municipal clerk, in which case service is required to be made upon a deputy municipal clerk and the mayor."). Plaintiff served a legal clerk. The attempted service on the City was defective. Thus, Plaintiff failed to substantially comply with the requirements for service under OKLA. STAT. tit. 11, § 22-103. *See also Hukill*, 542 F.3d at 800 ("[W]e are constrained to conclude that the Oklahoma Supreme Court would hold that a plaintiff fails to substantially comply with a service

statute specifying who is authorized to accept or refuse service on behalf of the defendant, when service is accepted or refused by an unauthorized person.").[5]

Removal does not waive a defendant's objection to insufficient service. *See Jenkins v. MTGLQ Investors*, 218 F. App'x 719, 724 (10th Cir. 2007) ("After removal, [the defendant] had the 'right to the opinion of the Federal court . . . as to the validity of the service of process [in the state court.]'" (citation omitted)). A defect in service that occurred before removal may be cured by issuing new process or by an amendment of the original process. *See Wallace v. Microsoft Corp.*, 596 F.3d 703, 707 (10th Cir. 2010). Federal courts have shown "a desire to prevent unnecessary dismissals by retaining removed cases and curing defects in the state court service." 4A C. Wright, A. Miller, & A. Steinman, Federal Practice and Procedure § 1082 (4th ed. Oct. 2020). As such, "[a] defendant can obtain a dismissal after removal only when the original service in the state court was improper, and the plaintiff finds it impossible to perfect service under Rule 4 after removal." *Id.*

Motions under Rule 12(b)(5) offer the district court the option of quashing the improper service of process without dismissing the action. *See Pendleton v. Bd. of Cnty. Commisioners for Okla. Cnty.*, No. CIV-18-707-G, 2019 WL 4752269, at *2 (W.D. Okla. Sept. 30, 2019); *accord Gray v. Ritter*, No. CIV-09-909-F, 2010 WL 4880890, at *2 (W.D. Okla. Oct. 8, 2010); *Lasky v. Lansford*, 76 F. App'x 240, 241 (10th Cir. 2003); 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1354 (3d ed.2010).

---

[5] Defendant did not raise a constitutional due process claim related to insufficient service. Thus, the Court need not address the third prong of *Hukill*, 542 F.3d at 799, 801. *See also Graff*, 814 P.2d at 496.

6

Here, there is no indication that Plaintiff cannot properly serve the City. Thus, the original service is quashed, and Plaintiff should effectuate proper service on the City within thirty (30) days of this Order. If Plaintiff fails to effectuate service within this period, this case will be dismissed without prejudice as to this defendant.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED** insofar as the Court hereby quashes the defective service, and Plaintiff must effect proper service on the City within thirty (30) days of this Order. Failure to effectively serve the City as set forth herein will result of the dismissal without prejudice of Plaintiff's action as to the City.

**IT IS SO ORDERED** this 2nd day of March, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge