IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL C. WASHINGTON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-20-266-D |
| CITY OF OKLAHOMA CITY, et al., | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Defendant Municipal Court of Oklahoma City's[1] Motion to Dismiss Plaintiff's Supplemental Petition and Brief in Support [Doc. No. 66]. Plaintiff filed a response [Doc. No. 106] addressing multiple pending motions to dismiss [Doc. Nos. 65, 66, 67]. Defendant did not file a reply.

**BACKGROUND**

This case centers around two separate incidents, both of which are relevant. First, an incident occurred in an Oklahoma City grocery store in May 2019. Plaintiff was at the Smart Saver grocery store. After a verbal encounter with the manager, he was asked to leave. Ultimately, Plaintiff was arrested and charged with trespassing on private property. The charges were eventually dismissed. Second, an incident occurred on Oklahoma City

---

[1] Plaintiff references the Municipal Court as the "Municipal Court of Oklahoma County." *See* Suppl. Compl. [Doc. No. 60]. Oklahoma City Municipal Court is the proper name, and the Court refers to it accordingly herein.

1

Public School grounds in August 2019. Plaintiff received a citation for violating an order not to appear on school property. The charges were eventually dismissed.

Plaintiff filed a lawsuit related to both incidents in state court on March 2, 2020. The suit was removed to federal court on March 23, 2020. On May 11, 2020, Plaintiff sought leave to file an amended complaint, which the Court granted. *See* Order [Doc. No. 36]. On June 12, 2020, the Court allowed Plaintiff to file a supplemental complaint to include an additional cause of action and information as to damages. *See* Order [Doc. No. 59].[2]

Plaintiff alleges that he was charged and required to appear in the Oklahoma City Municipal Court ("the Municipal Court"), and the charges were ultimately dismissed for want of prosecution. Suppl. Compl. [Doc. No. 60] ¶¶ 13, 16, 19, 42, 46, 91. Plaintiff alleges that because he was charged, he suffered "intentional and negligent infliction of emotional distress." *Id.* ¶ 83. The Municipal Court has moved to dismiss Plaintiff's Supplemental Complaint under FED. R. CIV. P. 8(a), 12(b)(4)[3], 12(b)(5)[4], and 12(b)(6), and 17(b). *See* Mot. to Dismiss [Doc. No. 66] at 2.

---

[2] The Supplemental Complaint [Doc. No. 60] restates the allegations of the Amended Complaint [Doc. No. 40], and thus is treated by the Court as the operative pleading.

[3] Though Defendant moves to dismiss for insufficient process under Rule 12(b)(4), the Motion to Dismiss [Doc. No. 66] provides no facts as to how the summons was insufficient. Plaintiff, in his Response [Doc. No. 106], does not address Rule 12(b)(4). The argument pertaining to Rule 12(b)(4) need not be addressed.

[4] The Court need not address Defendant's argument related to Rule 12(b)(5) because the Municipal Court is not a proper defendant, as set forth herein.

## STANDARD OF DECISION

A complaint must contain "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court will accept as true all well-pled factual allegations and construe them in the light most favorable to the plaintiff. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it does need "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citation omitted). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

"[T]he tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. *See also Twombly*, 550 U.S. at 558 ("[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (citation omitted). Courts may "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

## DISCUSSION

Plaintiff seeks to hold the Municipal Court liable because of the municipal charges brought against him. Suppl. Compl. [Doc. No. 60] ¶ 83. Plaintiff alleges he suffered intentional and negligent infliction of emotional distress. *Id.* The Municipal Court has moved to dismiss Plaintiff's Supplemental Complaint for failure to state a claim. Mot. to Dismiss [Doc. No. 66] at 2.

"While a city, county, or municipality may be named as a defendant in a civil action, numerous courts have held that governmental sub-units or departments are not separate suable entities and are not proper defendants." *Crabtree v. Okla.*, No. 13-CV-688-JED-TLW, 2013 WL 6633019, at *4 (N.D. Okla. Dec. 17, 2013); *see also Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985), *vacated on other grounds by Tyus v. Martinez*, 475 U.S. 1138, (1986); *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (agreeing with the district court that a justice center was not a suable entity under § 1983); *Stump v. Gates*, 777 F. Supp. 808, 815 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993) (finding that the coroner's office was not a separate governmental unit from the county); *Crabtree v. Okla.*, 2013 WL 6633019, at *4 (dismissing claims against the county police department and district attorney's office because they were not separate entities).

Here, the Municipal Court may be a department operated by the City of Oklahoma City, but the Municipal Court is not a separate suable entity. The City of Oklahoma City is a named defendant and has filed its own motion to dismiss.[5] The Municipal Court is entitled

---

[5] The Court will address the City of Oklahoma City's motion to dismiss by separate order.

4

to dismissal for Plaintiff's failure to state a valid claim against it. *See Benton v. Town of S. Fork*, 587 F. App'x 447, 449 (10th Cir. 2014) (finding that a district court's failure to consider a police department as a separate defendant was harmless because the department was not a proper defendant to the action).

## CONCLUSION

For the foregoing reasons, the instant Motion [Doc. No. 66] is **GRANTED**, and the claims against the Oklahoma City Municipal Court are dismissed.

**IT IS SO ORDERED** this 2nd day of March, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge