IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL C. WASHINGTON,        )<br>                              )<br>        Plaintiff,             )<br>v.                             )  Case No. CIV-20-266-D<br>                              )<br>CITY OF OKLAHOMA CITY, et al., )<br>                              )<br>        Defendants.            )<br>                              )<br>                              ) | |

# O R D E R

Before the Court is Defendant Kenneth Jordan's Motion to Dismiss Plaintiff's Supplemental Petition and Brief in Support [Doc. No. 68]. Plaintiff filed a response [Doc. No. 109] on September 22, 2020. Defendant did not file a reply.

## BACKGROUND

This case centers around two separate incidents, both of which are relevant. First, an incident occurred in an Oklahoma City grocery store in May 2019. Plaintiff was at the Smart Saver grocery store. After a verbal encounter with the manager, he was asked to leave. Ultimately, Plaintiff was arrested and charged with trespassing on private property. The charges were eventually dismissed. Second, an incident occurred on Oklahoma City Public School grounds in August 2019. Plaintiff received a citation for violating an order not to appear on school property. The charges were eventually dismissed.

Plaintiff filed a lawsuit related to both incidents in state court on March 2, 2020. The suit was removed to federal court on March 23, 2020. On May 11, 2020, Plaintiff sought leave to file an amended complaint, which the Court granted. *See* Order [Doc. No.

1

36]. On June 12, 2020, the Court allowed Plaintiff to file a supplemental complaint to include an additional cause of action and information as to damages. *See* Order [Doc. No. 59].[1]

Plaintiff makes several allegations against Defendant Kenneth Jordan ("Jordan"). First, in his second cause of action, Plaintiff alleges Jordan is liable in his official capacity as Municipal Counselor for filing the charges against Plaintiff. Suppl. Compl. [Doc. No. 60] ¶ 15. Plaintiff seeks to hold Jordan liable for malicious prosecution, a violation of due process, and a violation of 42 U.S.C. § 1983. *Id.* ¶ 17. In his third cause of action, Plaintiff alleges Jordan stepped outside the scope of his employment and seeks to hold him liable in his individual capacity. *Id.* ¶¶ 18–19. Plaintiff claims Jordan is liable for malicious prosecution, false imprisonment, false arrest, intentional infliction of emotional distress, libel, and slander. *Id.* ¶ 21. Jordan has moved to dismiss Plaintiff's Supplemental Complaint under FED. R. CIV. P. 12(b)(4)[2], 12(b)(5), and 12(b)(6)[3]. *See* Mot. to Dismiss [Doc. No. 68].

---

[1] The Supplemental Complaint [Doc. No. 60] restates the allegations of the Amended Complaint [Doc. No. 40], and thus is treated by the Court as the operative pleading.

[2] Though Defendant moves to dismiss for insufficient process under Rule 12(b)(4), the Motion to Dismiss [Doc. No. 68] provides no facts as to how the summons was insufficient. Plaintiff, in his Response [Doc. No. 109], addresses only the insufficient service of process allegations under Rule 12(b)(5). The argument pertaining to Rule 12(b)(4) need not be addressed.

[3] The Court does not address the Rule 12(b)(6) arguments because it lacks personal jurisdiction over Jordan due to defective service of process as set forth herein.

## STANDARD OF DECISION

A motion under FED. R. CIV. P. 12(b)(5) challenges the "mode of delivery or the lack of delivery of the summons and complaint." *Craig v. City of Hobart*, No. CIV-09-0053-C, 2010 WL 680857, at *1 (W.D. Okla. Feb. 24, 2010). Once a defendant makes a Rule 12(b)(5) motion, "plaintiffs bear the burden of demonstrating that they complied with all statutory and due process requirements." *Id.* "'The parties may submit affidavits and other documentary evidence for the Court's consideration, and plaintiff is entitled to the benefit of any factual doubt.'" *Id.* (citation omitted).

In removed cases, the federal court should "look to the law of the forum state . . . to determine whether service of process was perfected prior to removal." *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010). If service is not perfected before removal, or the process served later "proves to be defective," the Court may allow for service to be completed or issue new service in compliance with FED. R. CIV. P. 4. 28 U.S.C. § 1448. *See also Wallace*, 596 F.3d at 706.

## DISCUSSION

Plaintiff sues Jordan in his official and individual capacities. Jordan argues the claims against him should be dismissed for insufficient service. *See* Mot. to Dismiss [Doc. No. 68] at 6. Jordan asserts that Plaintiff served Shelly Jones and Rachel Bratcher—neither of whom were authorized to receive service. *Id.* at 6–7. Plaintiff, in response, alleges Jordan's argument is frivolous. Pl.'s Resp. to Def's Mot. [Doc. No. 109] at 4.

### a. Official Capacity Claims

Although individual capacity suits seek to impose personal liability on a government actor for actions taken under color of law, official capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (citation omitted). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166; *see also Watson v. City of Kansas City*, 857 F.2d 690, 695 (10th Cir. 1988) ("A suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same.").

Where a plaintiff sues both a person in his official capacity and the entity, courts have dismissed the official capacity claims as redundant. *See French v. City of Cortez*, 361 F. Supp. 3d 1011, 1042 (D. Colo. Jan. 9, 2019) (dismissing official capacity claims against police officers because they were "duplicative" of the claims against the city); *Cutter v. Metro Fugitive Squad*, Case No. CIV-06-115-GKF, 2008 WL 4068188, at *5 (W.D. Okla. Aug. 29, 2008) (dismissing official capacity claims as "simply redundant" because the plaintiffs had sued the government entities); *Doe v. Douglas Cnty. School Dist. RE-1*, 775 F. Supp. 1414, 1416 (D. Colo. Oct. 17, 1991) (dismissing the "redundant" official capacity claims as a matter of "judicial economy and efficiency").

The City of Oklahoma City is a named defendant and has filed its own motion [Doc. No. 65] to dismiss.[4] Suing Jordan in his capacity is redundant, and the official capacity claims against Jordan are dismissed.

### b. Individual Capacity Claims

Plaintiff seeks to hold Jordan liable in his individual capacity for malicious prosecution, false imprisonment, false arrest, intentional infliction of emotional distress, libel, and slander. Suppl. Compl. [Doc. No. 60] ¶ 21. Jordan moves for dismissal under FED. R. CIV. P. 12(b)(5), arguing that he was not properly served. Mot. to Dismiss [Doc. No. 68] at 6–7.

Oklahoma relies on a three-part test regarding sufficiency of service of process: "'(1) Is there a statute authorizing the method of service employed?; (2) Have the requirements of the statute been observed?; and (3) Have fundamental due process requirements been met?'" *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 799 (10th Cir. 2008) (citation omitted). Under the first prong, service of process in Oklahoma is governed by OKLA. STAT. tit. 12, § 2004. For service by personal delivery upon an individual, Oklahoma law provides that:

> [s]ervice shall be made as follows: (1) upon an individual other than an infant who is less than fifteen (15) years of age or an incompetent person, by delivering a copy of the summons and of the petition personally or by leaving copies thereof at the person's dwelling house or usual place of abode with some person then residing therein who is fifteen (15) years of age or older or by delivering a copy of the summons and of the petition to an agent authorized by appointment or by law to receive service of process.

---

[4] The Court will address the City of Oklahoma City's motion to dismiss by separate order.

OKLA. STAT. tit. 12, § 2004(c). The inquiry thus turns to whether Plaintiff observed the requirements of OKLA. STAT. tit. 12, § 2004 when serving Jordan. Plaintiff attempted to serve Jordan twice. *See* Ex. 3 [Doc. No. 1-3] at 4, 19. Plaintiff served Shelly Jones, a legal assistant, on March 4, 2020. *Id.* at 4. The next day, Plaintiff served Rachel Bratcher, a legal clerk. *Id.* at 19. Plaintiff did not comply with the technical requirements of OKLA. STAT. tit. 12, § 2004.

In his Response, Plaintiff correctly asserts that substantial compliance is the proper rule for service of process in Oklahoma. *See* Pl.'s Resp. Br. [Doc. No. 109] at 5; *see e.g.*, *Hukill*, 542 F.3d at 798; *Habyarimana v. Kagame*, 821 F. Supp. 2d 1244, 1252 (W.D. Okla. 2011), *aff'd*, 696 F.3d 1029 (10th Cir. 2012). The relevant inquiry, therefore, is whether Plaintiff substantially complied with the requirements set forth in OKLA. STAT. tit. 12, § 2004.

The Court finds that Plaintiff did not substantially comply with the statutory requirements. The statute allowed Plaintiff to serve Jordan through personal delivery or certified mail. *See* OKLA. STAT. tit. 12, § 2004. Plaintiff attempted personal service, but instead of serving Jordan at his dwelling or usual place of abode, he served the legal assistant and clerk at Jordan's office. Plaintiff provides no factual support that Shelly Jones or Rachel Bratcher were agents authorized by law to accept service on Jordan's behalf. Thus, the attempted service on Jordan was defective.

Motions under Rule 12(b)(5) offer the district court the option of quashing the improper service of process without dismissing the action. *See Pendleton v. Bd. of Cnty. Commisioners for Okla. Cnty.*, No. CIV-18-707-G, 2019 WL 4752269, at *2 (W.D. Okla.

6

Sept. 30, 2019); *accord Gray v. Ritter*, No. CIV-09-909-F, 2010 WL 4880890, at *2 (W.D. Okla. Oct. 8, 2010); *Lasky v. Lansford*, 76 F. App'x 240, 241 (10th Cir. 2003); 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1354 (3d ed.2010).

Removal does not waive a defendant's objection to insufficient service. *See Jenkins v. MTGLQ Investors*, 218 F. App'x 719, 724 (10th Cir. 2007) ("After removal, [the defendant] had the 'right to the opinion of the Federal court . . . as to the validity of the service of process [in the state court.]'" (citation omitted)). A defect in service that occurred before removal may be cured by issuing new process or by an amendment of the original process. *See Wallace v. Microsoft Corp.*, 596 F.3d 703, 707 (10th Cir. 2010). Federal courts have shown "a desire to prevent unnecessary dismissals by retaining removed cases and curing defects in the state court service." 4A C. Wright, A. Miller, & A. Steinman, Federal Practice and Procedure § 1082 (4th ed. Oct. 2020). As such, "[a] defendant can obtain a dismissal after removal only when the original service in the state court was improper, and the plaintiff finds it impossible to perfect service under Rule 4 after removal." *Id.*

Here, there is no indication that Plaintiff cannot properly serve Jordan. Thus, the original service is quashed, and Plaintiff should effectuate proper service on Jordan within thirty (30) days of this Order. If Plaintiff fails to effectuate service within this period, this case will be dismissed without prejudice as to this defendant.

## CONCLUSION

For the foregoing reasons, the instant Motion is **GRANTED** in part and **DENIED** in part as set forth herein.

**IT IS THEREFORE ORDERED** that the insufficient service on Jordan is quashed. Plaintiff shall serve Jordan in accordance with FED. R. CIV. P. 4 within thirty (30) days of this Order. If Plaintiff fails to effectuate service within this period, the case will be dismissed without prejudice as to Jordan.

**IT IS SO ORDERED** this 2nd day of March, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge