## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MICHAEL C. WASHINGTON,          )
                                )
      Plaintiff,               )
v.                              )     Case No. CIV-20-266-D
                                )
CITY OF OKLAHOMA CITY, et al.,  )
                                )
      Defendants.              )
                                )
                                )

# O R D E R

Before the Court is the Motion of Defendants McCoy, Spence, Reynolds, Richards and Goss to Dismiss Plaintiff's Supplemental Petition for Damages and Brief in Support [Doc. No. 71]. Plaintiff filed a response [Doc. No. 73], and Defendants filed a reply [Doc. No. 74]. The matter is fully briefed and at issue.

## BACKGROUND

This case centers around two separate incidents, both of which are relevant. First, an incident occurred in an Oklahoma City grocery store in May 2019. Plaintiff was at the Smart Saver grocery store. After a verbal encounter with the manager, he was asked to leave. Ultimately, Plaintiff was arrested and charged with trespassing on private property. The charges were eventually dismissed. Second, an incident occurred on Oklahoma City Public School grounds in August 2019. Plaintiff received a citation for violating an order not to appear on school property. The charges were eventually dismissed.

Plaintiff filed a lawsuit related to both incidents in state court on March 2, 2020. The suit was removed to federal court on March 23, 2020. On May 11, 2020, Plaintiff

sought leave to file an amended complaint, which the Court granted. *See* Order [Doc. No. 36]. On June 12, 2020, the Court allowed Plaintiff to file a supplemental complaint to include an additional cause of action and information as to damages. *See* Order [Doc. No. 59].[1]

Plaintiff sued five police officers ("the Officers") with the Oklahoma City Police Department.[2] Plaintiff sued Officers Spence, Reynolds, Goss, and Richards in relation to the grocery store incident. In his first cause of action, Plaintiff seeks to hold them liable in their official capacity for negligent infliction of emotional distress, wrongful arrest, false imprisonment, libel, slander, a violation of the Fourth Amendment, a violation of the First Amendment, and for violations of his due process rights. Suppl. Compl. [Doc. No. 60] ¶¶ 10–14. In his fifth cause of action, Plaintiff seeks to hold them liable in their individual capacity for malicious prosecution, libel, slander, false imprisonment, false arrest, intentional infliction of emotional distress, public humiliation, a violation of the Fourth Amendment, and a violation of his right to free speech. *Id.* ¶¶ 37, 38, 40.

Plaintiff sued Officer McCoy in relation to the school property incident. In his sixth cause of action, Plaintiff seeks to hold McCoy liable for malicious prosecution, libel, slander, intentional infliction of emotional distress, public humiliation, a violation of due process, and conspiracy to file false criminal charges. *Id.* ¶ 44.

---

[1] The Supplemental Complaint [Doc. No. 60] restates the allegations of the Amended Complaint [Doc. No. 40], and thus is treated by the Court as the operative pleading.

[2] Plaintiff sued Mitchell McCoy, Wade Spence, Justin Reynolds, Aaron Richards, and George Goss.

The officers have jointly moved to dismiss Plaintiff's Supplemental Complaint under FED. R. CIV. P. 12(b)(5), 12(b)(6)[3], and 4(e). *See* Mot. to Dismiss [Doc. No. 71].

## STANDARD OF DECISION

A motion under FED. R. CIV. P. 12(b)(5) challenges the "mode of delivery or the lack of delivery of the summons and complaint." *Craig v. City of Hobart*, No. CIV-09-0053-C, 2010 WL 680857, at *1 (W.D. Okla. Feb. 24, 2010). Once a defendant makes a Rule 12(b)(5) motion, "plaintiffs bear the burden of demonstrating that they complied with all statutory and due process requirements." *Id.* "'The parties may submit affidavits and other documentary evidence for the Court's consideration, and plaintiff is entitled to the benefit of any factual doubt.'" *Id.* (citation omitted).

In removed cases, the federal court should "look to the law of the forum state . . . to determine whether service of process was perfected prior to removal." *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010). If service is not perfected before removal, or the process served later "proves to be defective," the Court may allow for service to be completed or issue new service in compliance with FED. R. CIV. P. 4. 28 U.S.C. § 1448. *See also Wallace*, 596 F.3d at 706.

---

[3] The Court does not address the Rule 12(b)(6) arguments because it lacks personal jurisdiction over Defendants McCoy, Spence, Reynolds, Richards, and Goss due to defective service of process as set forth herein.

## DISCUSSION

Plaintiff sues the Officers in their official and individual capacities.[4] The Officers argue the claims should be dismissed for insufficient service. *See* Mot. to Dismiss [Doc. No. 71] at 3–6.

### a. Official Capacity Claims

Although individual capacity suits seek to impose personal liability on a government actor for actions taken under color of law, official capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (citation omitted). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166; *see also Watson v. City of Kansas City*, 857 F.2d 690, 695 (10th Cir. 1988) ("A suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same.").

Where a plaintiff sues both a person in his official capacity and the entity, courts have dismissed the official capacity claims as redundant. *See French v. City of Cortez*, 361 F. Supp. 3d 1011, 1042 (D. Colo. Jan. 9, 2019) (dismissing official capacity claims against police officers because they were "duplicative" of the claims against the city); *Cutter v. Metro Fugitive Squad*, Case No. CIV-06-115-GKF, 2008 WL 4068188, at *5 (W.D. Okla.

---

[4] In Plaintiff's Response [Doc. No. 73], he states, "Plaintiff has sued these Defendants in their official and individual capacities. However, in this response liability will be pursued against them in their individual capacity." Pl.'s Resp. Br. [Doc. No. 73] at 2. Nevertheless, the Court will address the arguments regarding claims against these defendants in their official and individual capacities.

Aug. 29, 2008) (dismissing official capacity claims as "simply redundant" because the plaintiffs had sued the government entities); *Doe v. Douglas Cnty. School Dist. RE-1*, 775 F. Supp. 1414, 1416 (D. Colo. Oct. 17, 1991) (dismissing the "redundant" official capacity claims as a matter of "judicial economy and efficiency").

The City of Oklahoma City is a named defendant and has filed its own motion [Doc. No. 65] to dismiss.[5] Suing the Officers in their official capacity is redundant, and the official capacity claims against the Officers are dismissed.

### b.  Individual Capacity Claims

Plaintiff seeks to hold the Officers liable in their individual capacities for various tort and constitutional violations. *See* Suppl. Comp. [Doc. No. 60] ¶¶ 37, 38, 40, 44. The Officers move for dismissal under FED. R. CIV. P. 12(b)(5), arguing they were not properly served. Mot. to Dismiss [Doc. No. 71] at 3–7. In his Response, Plaintiff argues that the Officers should have provided an affidavit with their motion to dismiss stating that the persons served were not authorized to receive service. Pl.'s Resp. Br. [Doc. No. 73] at 3.[6]

Oklahoma relies on a three-part test regarding sufficiency of service of process: "'(1) Is there a statute authorizing the method of service employed?; (2) Have the

---

[5] The Court will address the City of Oklahoma City's motion to dismiss by separate order.

[6] Once a defendant makes a Rule 12(b)(5) motion, "plaintiffs bear the burden of demonstrating that they complied with all statutory and due process requirements." *Craig v. City of Hobart*, No. CIV-09-0053-C, 2010 WL 680857, at *1 (W.D. Okla. Feb. 24, 2010). *See also Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992); *Wanjiku v. Johnson Cnty.*, 173 F. Supp. 3d 1217, 1223 (D. Kan. Mar. 29, 2016); *Jordan v. Cooley*, No. 13-cv-01650-REB-MJW, 2014 WL 923279, at *1 (D. Colo. Mar. 10, 2014).

requirements of the statute been observed?; and (3) Have fundamental due process requirements been met?'" *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 799 (10th Cir. 2008) (citation omitted). Under the first prong, service of process in Oklahoma is governed by OKLA. STAT. tit. 12, § 2004. For service by personal delivery upon an individual, Oklahoma law provides that:

> [s]ervice shall be made as follows: (1) upon an individual other than an infant who is less than fifteen (15) years of age or an incompetent person, by delivering a copy of the summons and of the petition personally or by leaving copies thereof at the person's dwelling house or usual place of abode with some person then residing therein who is fifteen (15) years of age or older or by delivering a copy of the summons and of the petition to an agent authorized by appointment or by law to receive service of process.

OKLA. STAT. tit. 12, § 2004(c).

The inquiry thus turns to the second prong of the test: whether Plaintiff observed the requirements of OKLA. STAT. tit. 12, § 2004. The statute allowed Plaintiff to serve the Officers through personal delivery or certified mail. *See* OKLA. STAT. tit. 12, § 2004. Plaintiff attempted personal service, but instead of serving the Officers at their dwellings or usual places of abode, he served the Oklahoma City Police Department's Court Liaison and the Legal Clerk at the Office of the Municipal Counselor at their places of employment.[7]

---

[7] Plaintiff attempted service on Mitchell McCoy twice: once to Lorri Knox, and once to Rachel Bratcher. *See* Ex. 3 [Doc. No. 1-3] at 11, 12. Plaintiff attempted service on Wade Spence by serving Rachel Bratcher. *Id.* at 15. Plaintiff attempted service on George Goss through Lorri Knox. *Id.* at 18. Plaintiff attempted to serve Aaron Richards twice—both through Rachel Bratcher. *Id.* at 16, 17. Exhibit 3 does not include a return of service for Justin Reynolds.

The statute allows for service on "an agent authorized by appointment or by law to receive service of process." OKLA. STAT. tit. 12, § 2004. Appointment requires an agent to be expressly appointed to receive service; a general agency relationship is insufficient. *See Graff v. Kelly*, 1991 OK 71, ¶ 14, 814 P.2d 489, 494. Authorization by law occurs only where there is a legislative enactment allowing such service. *Id.* ¶ 18.

Under § 2004, the Officers, as the principals, would have had to specifically appoint Kelly or Bratcher as their agents to receive service. Plaintiff provides no factual support that the Officers had an agency relationship with Kelly or Bratcher. Plaintiff also fails to cite any law authorizing Kelly or Bratcher to receive service. Plaintiff failed to comply with the technical requirements of the statute.

In his Response, Plaintiff correctly asserts that substantial compliance is the proper rule for service of process in Oklahoma. *See* Pl.'s Resp. Br. [Doc. No. 109] at 5; *see e.g.*, *Hukill*, 542 F.3d at 798; *Habyarimana v. Kagame*, 821 F. Supp. 2d 1244, 1252 (W.D. Okla. 2011), *aff'd*, 696 F.3d 1029 (10th Cir. 2012). The inquiry, then, shifts to whether Plaintiff substantially complied with the requirements set forth in OKLA. STAT. tit. 12, § 2004.

"'To determine whether substantial compliance has occurred, the court must consider the circumstances and 'determine whether the found departure offends the standards of due process and thus may be deemed to have deprived a party of its fundamental right to notice.''" *Hibben v. Okla. ex rel. Dep't of Veteran Affairs*, No. 14-CIV-419-TCK-FHM, 2015 WL 235822, *1 (N.D. Okla. Jan. 16, 2015) (citations omitted). "'"The adopted test requires that under all the circumstances present in a case there be a reasonable probability the service of process employed apprized its recipient of

the plaintiff's pressed demands. . . .'"" *Id.* (citations omitted). A defendant's actual notice of a suit is insufficient to waive the requirements for service. *See Graff*, 1991 OK 71, ¶ 10.

Here, Rachel Bratcher was a Legal Clerk in the Office of the Municipal Counselor. The Office of the Municipal Counselor is separate from the Oklahoma City Police Department.[8] Plaintiff has provided no factual support making it reasonably probable that Bratcher would notify employees in a separate office of a lawsuit against them. Lorri Knox is a Court Liaison for the police department. Even so, Plaintiff fails to provide any support that the officers would have promptly learned of the suit against them in their individual capacities through Knox.

The fact that the Officers ultimately learned of the suit against them does not dispense with Plaintiff's requirement to perfect service. Plaintiff states in his Response that, "Plaintiff's pleadings should be held to a less stringent standard than formal pleadings drafted by lawyers." Pl.'s Resp. to Def.'s Mot. [Doc. No. 106] at 10. Plaintiff, however, must still comply with the requirements of the Federal Rules of Civil Procedure and the Court's local rules. *Free v. Okla. Dep't of Corr.*, No. Civ-13-0087-F, 2014 WL 347627, at *5 (W.D. Okla. Jan. 30, 2014). The Court finds that Plaintiff did not substantially comply with the requirements for service.

Motions under Rule 12(b)(5) offer the district court the option of quashing the improper service of process without dismissing the action. *See Pendleton v. Bd. of Cnty.*

---

[8] The Municipal Counselor's Office "advises, represents and defends the City and its elected officials, employees and municipal trusts in legal matters." Municipal Counselor, https://www.okc.gov/departments/municipal-counselor (last visited Feb. 10, 2021).

*Commisioners for Okla. Cnty.*, No. CIV-18-707-G, 2019 WL 4752269, at *2 (W.D. Okla. Sept. 30, 2019); *accord Gray v. Ritter*, No. CIV-09-909-F, 2010 WL 4880890, at *2 (W.D. Okla. Oct. 8, 2010); *Lasky v. Lansford*, 76 F. App'x 240, 241 (10th Cir. 2003); 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1354 (3d ed.2010).

Removal does not waive a defendant's objection to insufficient service. *See Jenkins v. MTGLQ Investors*, 218 F. App'x 719, 724 (10th Cir. 2007) ("After removal, [the defendant] had the 'right to the opinion of the Federal court . . . as to the validity of the service of process [in the state court.]'" (citation omitted)). A defect in service that occurred before removal may be cured by issuing new process or by an amendment of the original process. *See Wallace v. Microsoft Corp.*, 596 F.3d 703, 707 (10th Cir. 2010). Federal courts have shown "a desire to prevent unnecessary dismissals by retaining removed cases and curing defects in the state court service." 4A C. Wright, A. Miller, & A. Steinman, Federal Practice and Procedure § 1082 (4th ed. Oct. 2020). As such, "[a] defendant can obtain a dismissal after removal only when the original service in the state court was improper, and the plaintiff finds it impossible to perfect service under Rule 4 after removal." *Id.*

Here, there is no indication that Plaintiff cannot properly serve the Officers. Thus, the original service is quashed, and Plaintiff should effectuate proper service on the Officers within thirty (30) days of this Order. If Plaintiff fails to effectuate service within this period, this case will be dismissed without prejudice as to the unserved defendants.

9

## CONCLUSION

For the foregoing reasons, the instant Motion is **GRANTED** in part and **DENIED** in part as set forth herein.

**IT IS THEREFORE ORDERED** that the insufficient service on Defendants McCoy, Spence, Reynolds, Richards, and Goss is quashed. Plaintiff shall serve Defendant McCoy, Spence, Reynolds, Richards, and Goss in accordance with FED. R. CIV. P. 4 within thirty (30) days of this Order. If Plaintiff fails to effectuate service within this period, the case will be dismissed without prejudice as to the unserved defendants.

**IT IS SO ORDERED** this 2nd day of March, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge