## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL C. WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-266-D |
| ) | |
| CITY OF OKLAHOMA CITY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Before the Court is Defendant Kenneth Jordan's Second Motion to Dismiss Plaintiff's Supplemental Petition and Brief in Support [Doc. No. 139]. Plaintiff filed a response [Doc. No. 151]. Defendant did not file a reply.

## BACKGROUND

This case centers around two separate incidents, both of which are relevant. First, an incident occurred in an Oklahoma City grocery store in May 2019. Plaintiff was at the Smart Saver grocery store. After a verbal encounter with the manager, he was asked to leave. Ultimately, Plaintiff was arrested and charged with trespassing on private property. The charges were eventually dismissed. Second, an incident occurred on Oklahoma City Public School grounds in August 2019. Plaintiff received a citation for violating an order not to appear on school property. The charges were eventually dismissed. Plaintiff filed a lawsuit related to both incidents in state court on March 2, 2020. The suit was removed to federal court on March 23, 2020.

On May 11, 2020, Plaintiff sought leave to file an amended complaint, which the Court granted. *See* Order [Doc. No. 36]. On June 12, 2020, the Court allowed Plaintiff to file a supplemental complaint to include an additional cause of action and information as to damages. *See* Order [Doc. No. 59]. In his third cause of action, Plaintiff alleges Defendant Kenneth Jordan stepped outside the scope of his employment and seeks to hold him liable in his individual capacity. *Id.* ¶¶ 18–19. Plaintiff claims Jordan is liable for malicious prosecution, false imprisonment, false arrest, intentional infliction of emotional distress, libel, and slander. *Id.* ¶ 21. Jordan has moved to dismiss Plaintiff's Supplemental Complaint under Fed. R. Civ. P. 12(b)(6).

## STANDARD OF DECISION

A complaint must contain "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court will accept as true all well-pled factual allegations and construe them in the light most favorable to the plaintiff. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it does need "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citation omitted). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

2

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

"[T]he tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. *See also Twombly*, 550 U.S. at 558 ("[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (citation omitted). Courts may "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

## DISCUSSION

Plaintiff's claims against Jordan, in his official capacity, have already been dismissed. *See* Order [Doc. No. 118]. Plaintiff's only remaining claims against Jordan are in his individual capacity for malicious prosecution, false imprisonment, false arrest, intentional infliction of emotional distress, libel, and slander. Suppl. Compl. [Doc. No. 60] ¶ 21. Plaintiff alleges Jordan "stepped outside the scope of his employment as municipal counselor when knowingly filing false charges against Plaintiff." Jordan seeks dismissal of the claims against him on the basis of absolute prosecutorial immunity.

The claims against Jordan are entirely premised on Jordan's filing of a trespass charge against him in Oklahoma City Municipal Court. "State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions." *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) (cleaned up). To

3

federal-law claims to which they are supplemental are dismissed early in the litigation"); *Tonkovich v. Kansas Bd. of Regents, Univ. of Kansas*, 254 F.3d 941, 945 (10th Cir. 2001) (stating that 28 U.S.C. § 1367 grants the court discretion to dismiss supplemental state law claims when the court dismisses the federal claims over which it had original jurisdiction).

## CONCLUSION

For the foregoing reasons, Defendant Kenneth Jordan's Second Motion to Dismiss Plaintiff's Supplemental Petition [Doc. No. 139] is **GRANTED**. Because Jordan is entitled to absolute immunity, the § 1983 claims against him in his individual capacity are dismissed with prejudice. Plaintiff's remaining claims against Jordan are dismissed without prejudice.

**IT IS SO ORDERED** this 16th day of March, 2022.

			TIMOTHY D. DeGIUSTI
			Chief United States District Judge