## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MICHAEL C. WASHINGTON,    )
           )
      Plaintiff,    )
           )
v.             )      Case No. CIV-20-266-D
           )
CITY OF OKLAHOMA CITY, et al.,    )
           )
      Defendants.    )
           )

## ORDER

Before the Court is Defendant Mitchell McCoy's Motion to Dismiss Plaintiff's Supplemental Petition and Brief in Support [Doc. No. 130]. Plaintiff filed a response [Doc. No. 135], to which Defendant replied [Doc. No. 137].

## BACKGROUND

This case centers around two separate incidents. Relevant here is an incident that occurred on Oklahoma City Public School ("OKCPS") grounds in August 2019. Plaintiff was cited on August 23, 2019, for violating an order not to appear on school property.

The events that led up to that date are not entirely clear, but it appears that Plaintiff was protesting outside of an Oklahoma City school on August 12, 2019. While protesting, Plaintiff was approached by a security guard who informed Plaintiff that he was banned from all OKCPS campuses and Board of Education meetings for six months. That same evening, Plaintiff attempted to attend a school board meeting, and he was escorted out by a security officer.

1

Plaintiff subsequently notified the Superintendent, Sean McDaniel, of his intent to appeal the suspensions. McDaniel, along with OKCPS General Counsel Jessica Sherrill, held a hearing with Plaintiff, and they ultimately decided to uphold both suspensions. Plaintiff was notified by letter on August 20, 2019 of their decision, and just three days later, Plaintiff received a citation for trespassing on school property. Plaintiff alleges that Defendant Mitchell McCoy, an Oklahoma City Police Department officer, wrote the August 23, 2019 trespass citation.

Although Plaintiff was charged with trespassing on school property, the charges were eventually dismissed. Plaintiff filed a lawsuit in state court on March 2, 2020. The suit was removed to federal court on March 23, 2020. On May 11, 2020, Plaintiff sought leave to file an amended complaint, which the Court granted. *See* Order [Doc. No. 36]. On June 12, 2020, the Court allowed Plaintiff to file a supplemental complaint to include an additional cause of action and information as to damages. *See* Order [Doc. No. 59].

In his sixth cause of action, Plaintiff seeks to hold McCoy liable for malicious prosecution, libel, slander, intentional infliction of emotional distress, public humiliation, a violation of due process, and conspiracy to file false criminal charges. McCoy filed a motion to dismiss [Doc. No. 130] for failure to state claim under Fed. R. Civ. P. 12(b)(6).

## STANDARD OF DECISION

A complaint must contain "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court will accept as true all well-pled

factual allegations and construe them in the light most favorable to the plaintiff. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it does need "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citation omitted). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

"[T]he tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. *See also Twombly*, 550 U.S. at 558 ("[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (citation omitted). Courts may "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). In § 1983 cases, it is particularly important "that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *See Robbins*, 519 F.3d at 1249–50 (emphasis in original); *see also Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009).

## DISCUSSION

All of Plaintiff's claims against McCoy are based on the trespass citation McCoy issued Plaintiff. McCoy argues the claims should be dismissed under Fed. R. Civ. P. 12(b)(6).

### I.  42 U.S.C. § 1983 Claims

#### a.  Official Capacity Claims

Although individual capacity suits seek to impose personal liability on a government actor for actions taken under color of law, official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (citation and quotations omitted). "[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166; *see also Watson v. City of Kansas City*, 857 F.2d 690, 695 (10th Cir. 1988) ("A suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same.").

Where a plaintiff sues both a person in his official capacity and the entity, courts have dismissed the official capacity claims as redundant. *See French v. City of Cortez*, 361 F. Supp. 3d 1011, 1042 (D. Colo. Jan. 9, 2019) (dismissing official capacity claims against police officers because they were "duplicative" of the claims against the city); *Cutter v. Metro Fugitive Squad*, Case No. CIV-06-115-GKF, 2008 WL 4068188, at *5 (W.D. Okla. Aug. 29, 2008) (dismissing official capacity claims as "simply redundant" because the plaintiffs had sued the government entities); *Doe v. Douglas Cnty. School Dist. RE-1*, 775

F. Supp. 1414, 1416 (D. Colo. Oct. 17, 1991) (dismissing the "redundant" official capacity claims as a matter of "judicial economy and efficiency").

The City of Oklahoma City is a named defendant and has filed its own motions [Doc. Nos. 65 and 140] to dismiss. Suing McCoy in his official capacity is redundant, and the official capacity claims against him are dismissed.

### b. Individual Capacity Claims: Conspiracy and Malicious Prosecution

When a plaintiff names an official in his individual capacity, the plaintiff is seeking "to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Fourteenth Amendment provides that a State shall not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. Plaintiff alleges McCoy conspired with an OKCPS official to issue a citation for trespass on school property against him in violation of his due process rights.

Plaintiff's allegations do not show a deprivation of constitutional rights. "Several federal courts have concluded that there is no protected interest in entering school property." *Hirt v. Unified Sch. Dist. No. 287*, No. 2:17-CV-02279-HLT, 2019 WL 1866321, at *10 (D. Kan. Apr. 24, 2019) (citing *McCook v. Spriner Sch. Dist.*, 44 F. App'x 896, 910 (10th Cir. 2002); *Cole v. Montage Bd. of Educ.*, 145 F. App'x 760, 762 (3d Cir. 2005); *Lovern v. Edwards*, 190 F.3d 648, 655–56 (4th Cir. 1999); *Silano v. Sag Harbor*

*Union Free Sch. Dist. Bd. of Educ.*, 42 F.3d 719, 724 (2d Cir. 1994); *Henley v. Octorara Area Sch. Dist.*, 701 F. Supp. 545, 551 (E.D. Pa. 1988); *Warkevicz v. Berwick Area Sch. Dist.*, 2016 WL 3753108, at *4 (M.D. Pa. July 14, 2016); *Cyr v. Addison Rutland Supervisory Union*, 60 F. Supp. 536, 546 (D. Vt. 2014)). Further, under Okla. Stat. tit. 21, § 1376, school superintendents may exclude an individual from school property for disruptive behavior. Prior to receiving the citation for trespass, the OKCPS Superintendent barred Plaintiff from school property for six months.[1] McCoy, thus, was authorized to cite Plaintiff for trespass when he appeared on OKCPS property. *See* Okla. Stat. tit. 21, § 1376(B). Therefore, Plaintiff fails to plausibly allege a deprivation of his constitutional rights. Accordingly, his conspiracy claim against McCoy must be dismissed.

Plaintiff alleges that McCoy subjected him to malicious prosecution by issuing the trespass citation. To establish a malicious prosecution claim, a plaintiff must show: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008).

McCoy argues Plaintiff cannot show this termination was favorable to Plaintiff. "The plaintiff has the burden of proving a favorable termination." *Id.* at 803 (quotations omitted). Formal abandonment of a criminal charge by a prosecutor is, by itself, insufficient to show a favorable termination. *Id.* at 803–04. A favorable termination is one

---

[1] The Court has taken judicial notice of the Journal Entry of Judgment entered by the District Court of Oklahoma County upholding the superintendent's 6-month ban. [Doc. No. 130-2].

that, "in some way 'indicate[s] the innocence of the accused.'" *Cordova v. City of Albuquerque*, 816 F.3d 645, 651 (10th Cir. 2016) (quoting *Wilkins*, 528 F.3d at 803). Plaintiff alleges the trespass action against him was dismissed by a municipal judge upon recommendation of the prosecution; he does not allege the reasons for the prosecution's recommendation or the judge's dismissal. Plaintiff thus fails to allege a termination of the trespass action that indicates his innocence. Therefore, his malicious prosecution claim against McCoy fails to state a claim for which relief may be granted. Accordingly, it must be dismissed.

## II. State Law Claims

Plaintiff asserts several state law claims against McCoy. The Court, however, declines to exercise supplemental jurisdiction over the remaining state law claims. Thus, the Court dismisses the state law claims without prejudice. *See Gobert v. Newton-Embry*, 820 F. App'x 783, 787–88 (10th Cir. 2020) (determining the district court had the option of dismissing remaining state law claims or remanding them and finding it was not inappropriate to dismiss them); *accord Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1232 (10th Cir. 2020) (noting the "regular practice in this circuit of dismissing without prejudice state-law claims for which the district court has only supplemental, rather than original, jurisdiction when the federal-law claims to which they are supplemental are dismissed early in the litigation"); *Tonkovich v. Kansas Bd. of Regents, Univ. of Kansas*, 254 F.3d 941, 945 (10th Cir. 2001) (stating that 28 U.S.C. § 1367 grants the court discretion to dismiss supplemental state law claims when the court dismisses the federal claims over which it had original jurisdiction).

## CONCLUSION

For the foregoing reasons, Defendant Mitchell McCoy's Motion to Dismiss Plaintiff's Supplemental Petition [Doc. No. 130] is **GRANTED**, and the claims against McCoy are dismissed without prejudice.

**IT IS SO ORDERED** this 16th day of March, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge