IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL C. WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-266-D |
| ) | |
| CITY OF OKLAHOMA CITY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

Before the Court is the motion to dismiss filed by Defendants Wade Spence, Justin Reynolds, Aaron Richards, and George Goss pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. No. 131]. Plaintiff filed a response [Doc. No. 141], to which Defendants replied [Doc. No. 142].

**BACKGROUND**

This case centers around two separate incidents. Relevant here is an incident that occurred in an Oklahoma City grocery store. Plaintiff was at the Smart Saver grocery store on May 29, 2019. After Plaintiff had a verbal encounter with the manager, he was asked to leave. Ultimately, Plaintiff was arrested and charged with trespassing on private property. The charges were eventually dismissed, and Plaintiff filed a lawsuit in state court on March 2, 2020. The suit was removed to federal court on March 23, 2020.

Plaintiff sued Oklahoma City Police Department Officers Spence, Reynolds, Goss, and Richards in relation to this grocery store incident. In his first cause of action, Plaintiff seeks to hold them liable in their official capacity for negligent infliction of emotional

distress, wrongful arrest, false imprisonment, libel, slander, a violation of the Fourth Amendment, a violation of the First Amendment, and for violations of his due process rights. Suppl. Compl. [Doc. No. 60] ¶¶ 10–14. In his fifth cause of action, Plaintiff seeks to hold them liable in their individual capacity for a violation of the Fourth Amendment, a violation of his right to free speech, malicious prosecution, libel, slander, false imprisonment, false arrest, and intentional infliction of emotional distress. *Id.* ¶¶ 37, 38, 40.

## STANDARD OF DECISION

A complaint must contain "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court will accept as true all well-pled factual allegations and construe them in the light most favorable to the plaintiff. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it does need "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citation omitted). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

"[T]he tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. *See also Twombly*, 550 U.S. at 558 ("[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (citation omitted). Courts may "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). In § 1983 cases, it is particularly important "that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *See Robbins*, 519 F.3d at 1249–50 (emphasis in original); *see also Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009).

Where a defendant asserts qualified immunity, the plaintiff must allege sufficient facts to overcome this defense. "The doctrine of qualified immunity protects government officials from liability for civil damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Wood v. Moss*, 134 S. Ct. 2056, 2066–67 (2014) (internal quotation omitted). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Stewart v. Beach*, 701 F.3d 1322, 1331 (10th Cir. 2012).

## DISCUSSION

### I. Plaintiff's 42 U.S.C. § 1983 Claims

#### a. Official Capacity Claims

Although individual capacity suits seek to impose personal liability on a government actor for actions taken under color of law, official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (citation and quotations omitted). "[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166; *see also Watson v. City of Kansas City*, 857 F.2d 690, 695 (10th Cir. 1988) ("A suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same.").

Where a plaintiff sues both a person in his official capacity and the entity, courts have dismissed the official capacity claims as redundant. *See French v. City of Cortez*, 361 F. Supp. 3d 1011, 1042 (D. Colo. Jan. 9, 2019) (dismissing official capacity claims against police officers because they were "duplicative" of the claims against the city); *Cutter v. Metro Fugitive Squad*, Case No. CIV-06-115-GKF, 2008 WL 4068188, at *5 (W.D. Okla. Aug. 29, 2008) (dismissing official capacity claims as "simply redundant" because the plaintiffs had sued the government entities); *Doe v. Douglas Cnty. School Dist. RE-1*, 775 F. Supp. 1414, 1416 (D. Colo. Oct. 17, 1991) (dismissing the "redundant" official capacity claims as a matter of "judicial economy and efficiency").

The City of Oklahoma City is a named defendant and has filed its own motions [Doc. Nos. 65 and 140] to dismiss. Suing Spence, Reynolds, Goss, and Richards in their official capacities is redundant, and the official capacity claims against them are dismissed.

### b. Individual Capacity Claims: Malicious Prosecution and Unlawful Arrest

When a plaintiff names an official in his individual capacity, the plaintiff is seeking "to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

To establish a malicious prosecution claim, a plaintiff must show: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008).

Plaintiff's allegations fail to satisfy the requirement that the action be terminated in his favor. "The plaintiff has the burden of proving a favorable termination." *Id.* at 803 (quotations omitted). Formal abandonment of a criminal charge by a prosecutor is, by itself, insufficient to show a favorable termination. *Id.* at 803–04. A favorable termination is one that, "in some way 'indicate[s] the innocence of the accused.'" *Cordova v. City of Albuquerque*, 816 F.3d 645, 651 (10th Cir. 2016) (quoting *Wilkins*, 528 F.3d at 803).

Plaintiff alleges he was originally found guilty on the trespass on private property charge but that it was later dismissed for "want of prosecution." Suppl. Compl. [Doc. No. 60] ¶ 26. This is insufficient to show a favorable termination that indicates Plaintiff's innocence of the trespass charge. Accordingly, Plaintiff's malicious prosecution claims against Defendants must be dismissed for failure to state a claim upon which relief may be granted.

The Fourth Amendment protects an individual against a warrantless arrest without probable cause to believe the person has committed a crime. *See Cortez v. McCauley*, 478 F.3d 1108, 1115 (10th Cir. 2007) (en banc); *see also Koch v. City of Del City*, 660 F.3d 1228, 1239 (10th Cir. 2011). Defendants Richards, Goss, and Spence argue Plaintiff's factual allegations are insufficient to support unlawful arrest claims against them. Plaintiff's only allegations regarding Richards and Goss is that they spoke with the grocery store manager and that they were present when Plaintiff was arrested. Suppl. Compl. [Doc. No. 60] ¶¶ 6, 24. The only factual allegation concerning Spence is that Plaintiff told Spence he had not committed a crime in the presence of the officers, to which Spence responded, "Tell it to the judge." *Id.* ¶ 33. These allegations do not give these defendants fair notice as to the basis of the Fourth Amendment claims against them, and they are inadequate for the Court to draw a reasonable inference that Defendants Richards, Goss, and Spence violated Plaintiff's Fourth Amendment rights. Therefore, the unlawful arrest claims against them must be dismissed.

Regarding Reynolds, Plaintiff's complaint includes sufficient factual allegations to understand the basis of the Fourth Amendment claim against him. Plaintiff alleges that someone called the police to respond to his encounter with the store manager. *Id.* ¶ 6. When

6

police arrived, Reynolds approached Plaintiff while he was standing outside of the store. *Id.* ¶ 33. Plaintiff further alleges that Reynolds, after the store manager told him she wanted Plaintiff arrested for trespass, told Plaintiff he was under arrest, handcuffed him, and placed him in the back of a police vehicle. *Id.* ¶ 6. Plaintiff claims Reynolds was not authorized to make a warrantless arrest of Plaintiff.

Reynolds asserts he is entitled to qualified immunity. Qualified immunity requires that a civil rights suit be dismissed "if the complaint fails to allege a constitutional violation or if the alleged violation was not clearly established." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008)."If dispositive of the claim, [a court] ordinarily need address only the second element of qualified immunity, that is, whether the law supporting a constitutional violation was clearly established." *Sanchez v. Labate*, 564 F. App'x 371, 372 (10th Cir. 2014) (unpublished) (citing *Kerns v. Bader*, 663 F.3d 1173, 1180 (10th Cir. 2011)).

If Reynolds had probable cause, or at least arguable probable cause, to arrest Plaintiff for trespass on private property, he is entitled to qualified immunity. *Mocek v. City of Albuquerque*, 813 F.3d 912, 924 (10th Cir. 2015) (citing *McCauley*, 478 F.3d at 1120, 1120 n.15). The Tenth Circuit has explained this arguable probable cause framework as follows:

> As to whether the law was clearly established at the time of the alleged violation, we require a section 1983 plaintiff to show that it would have been clear to a reasonable officer that probable cause was lacking under the circumstances. As a practical matter, we implement this standard by asking whether there was arguable probable cause for an arrest—if there was, a defendant is entitled to qualified immunity.

*Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012) (citations and quotations omitted).

"Probable cause to arrest exists only when the facts and circumstances within the officer['s] knowledge, and of which [he had] reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *McCauley*, 478 F.3d at 1116 (internal quotation omitted); *see Koch*, 660 F.3d at 1239. Under the framework of arguable probable cause, "law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity." *Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1191 (10th Cir. 2007).

Reynolds argues that, based on the facts as set out in the supplemental complaint, he had, at least, arguable probable cause to arrest Plaintiff for trespass. He asserts that the store manager and security guard, by submitting Plaintiff to police custody, effected a citizen's arrest and that Oklahoma law permitted him to continue that citizen's arrest. Under Oklahoma law,

> the authority to arrest, either as a police officer or as a private citizen, is controlled by statute. "Arrest" is defined in [Okla. Stat. tit. 22,] § 186 as "the taking of a person into custody, that he may be held to answer for a public offense." An arrest is accomplished by "actual restraint" of the person or "by his submission to the custody" of an officer. An arrest may be effected by "a private person," for, among other things, "a public offense committed or attempted" in the presence of the person.

*Burke v. State ex rel. Dep't of Pub. Safety*, 125 P.3d 685, 687 (Okla. Civ. App. 2005) (citations omitted). In *Burke*, the court found that a citizen, when performing a citizen's arrest, may delegate to police the act of taking a person into physical custody. *Id.* at 688–89.

8

Here, the store manager and security guard submitted Plaintiff to Reynolds, and the store manager signed a citation charging Plaintiff with trespass on private property. When Reynolds arrived at the store, the store manager told Reynolds she wanted Plaintiff arrested for trespass, and she delegated to him the act of taking Plaintiff into physical custody. From the facts alleged by Plaintiff, the Court finds that, based on *Burke* and on the citation signed by the store manager, a reasonable officer would believe he was authorized to complete Plaintiff's arrest. Plaintiff, thus, has failed to allege facts demonstrating that it would have been clear to a reasonable officer that probable cause was lacking under the circumstances. Accordingly, Reynolds is entitled to qualified immunity, and the unlawful arrest claim against him must be dismissed.

## II. State Law Claims

Plaintiff asserts several state law claims against Defendants. The Court, however, declines to exercise supplemental jurisdiction over the remaining state law claims. Thus, the Court dismisses the state law claims without prejudice. *See Gobert v. Newton-Embry*, 820 F. App'x 783, 787–88 (10th Cir. 2020) (determining the district court had the option of dismissing remaining state law claims or remanding them and finding it was not inappropriate to dismiss them); *accord Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1232 (10th Cir. 2020) (noting the "regular practice in this circuit of dismissing without prejudice state-law claims for which the district court has only supplemental, rather than original, jurisdiction when the federal-law claims to which they are supplemental are dismissed early in the litigation"); *Tonkovich v. Kansas Bd. of Regents, Univ. of Kansas*, 254 F.3d 941, 945 (10th Cir. 2001) (stating that 28 U.S.C. §

1367 grants the court discretion to dismiss supplemental state law claims when the court dismisses the federal claims over which it had original jurisdiction).

## CONCLUSION

For the foregoing reasons, the motion to dismiss filed by Defendants Wade Spence, Justin Reynolds, Aaron Richards, and George Goss pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. No. 131] is **GRANTED**. All claims against Spence, Richards, and Goss are dismissed without prejudice. Defendant Reynolds is entitled to qualified immunity as to Plaintiff's § 1983 individual-capacity unlawful arrest claim, and the remaining claims against Reynolds are dismissed without prejudice.

**IT IS SO ORDERED** this 22nd day of March, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge