## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL C. WASHINGTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-20-266-D |
| CITY OF OKLAHOMA CITY, et al., | ) ) ) |
| Defendants. | ) ) ) |

## ORDER

Before the Court is Defendant City of Oklahoma City's Second Motion to Dismiss Plaintiff's Supplemental Petition [Doc. No. 140]. Plaintiff filed a response in opposition [Doc. No. 150]. Defendant did not file a reply. The matter is fully briefed and at issue.

## BACKGROUND

This case centers around two separate incidents, both of which are relevant. First, an incident occurred in an Oklahoma City grocery store in May 2019. Plaintiff was at the Smart Saver grocery store. After a verbal encounter with the manager, he was asked to leave. Ultimately, Plaintiff was arrested and charged with trespassing on private property. The charges were eventually dismissed. Second, an incident occurred on Oklahoma City Public School grounds in August 2019. Plaintiff received a citation for violating an order not to appear on school property. The charges were eventually dismissed.

Plaintiff filed a lawsuit related to both incidents in state court on March 2, 2020. The suit was removed to federal court on March 23, 2020. On May 11, 2020, Plaintiff sought leave to file an amended complaint, which the Court granted. *See* Order [Doc. No.

36]. On June 12, 2020, the Court allowed Plaintiff to file a supplemental complaint to include an additional cause of action and information as to damages. *See* Order [Doc. No. 59].

Plaintiff alleges that the City of Oklahoma City is liable for the conduct of its officers during the two incidents. *See* Suppl. Compl. [Doc. No. 60] ¶ 5. Plaintiff alleges the City is liable for "extreme emotional distress, mental anguish and public humiliation." *Id.* ¶ 7. Further, Plaintiff alleges that "the acts of [the officers] taken within the scope of their employment nevertheless resulted in Plaintiff being falsely arrested and falsely imprisoned . . . ." *Id.* ¶ 9. Plaintiff seeks to hold the City liable for libel, slander, violations of the First Amendment, violations of due process, a violation of the Fourth Amendment, and negligent infliction of emotional distress. *Id.* ¶¶ 10–14. The City has moved to dismiss Plaintiff's Supplemental Complaint under Fed. R. Civ. P. 12(b)(6). *See* Mot. to Dismiss [Doc. No. 65] at 1.

**I.      42 U.S.C. § 1983 Claims for Municipal Liability**

Plaintiff claims the City of Oklahoma City is liable under 42 U.S.C. § 1983 for violations of his First and Fourth Amendment rights. Section 1983 provides that "every person" acting "under the color of law" to deprive someone of their "rights, privileges, or immunities secured by the Constitution and laws," shall be liable to the person injured. "Municipalities and other local governmental bodies are persons within the meaning of § 1983." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997). A local governmental body, however, may not be held liable simply because it employed a tortfeasor. *Id.* Instead, "it is when execution of a government's policy or custom . . . inflicts

the injury that the government entity is responsible under § 1983." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694(1978).

A plaintiff seeking to impose liability on a municipality must establish (1) the existence of a municipal policy or custom; and (2) a direct causal connection between the policy or custom and the injury alleged. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). To make out a § 1983 claim under a theory of municipal liability, a plaintiff must plead sufficient facts to "identify a municipal policy statement, ordinance, regulation, or decision officially adopted and promulgated," or a municipal custom or practice "so permanent and well settled as to constitute a 'custom or usage' with the force of law" that caused the plaintiff's injury. *Monell*, 436 U.S. at 690–91; *Murrell v. School Dist. No. 1*, 186 F.3d 1238, 1249–50 (10th Cir. 1999).

Plaintiff's § 1983 municipal liability claims against the City fail because his supplemental complaint includes only conclusory allegations that deficient municipal policies or customs existed. Plaintiff fails to identify a particular policy or practice of the City that was deficient, or to suggest that any such deficiency caused the alleged underlying constitutional violations. Accordingly, Plaintiff has failed to state viable claims for municipal liability; his § 1983 claims against the City must be dismissed.

## II.  State Law Claims

Plaintiff asserts several state law claims against the City. The Court, however, declines to exercise supplemental jurisdiction over the remaining state law claims. Thus, the Court dismisses the state law claims without prejudice. *See Gobert v. Newton-Embry*, 820 F. App'x 783, 787–88 (10th Cir. 2020) (determining the district court had the option

of dismissing remaining state law claims or remanding them and finding it was not inappropriate to dismiss them); *accord Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1232 (10th Cir. 2020) (noting the "regular practice in this circuit of dismissing without prejudice state-law claims for which the district court has only supplemental, rather than original, jurisdiction when the federal-law claims to which they are supplemental are dismissed early in the litigation"); *Tonkovich v. Kansas Bd. of Regents, Univ. of Kansas*, 254 F.3d 941, 945 (10th Cir. 2001) (stating that 28 U.S.C. § 1367 grants the court discretion to dismiss supplemental state law claims when the court dismisses the federal claims over which it had original jurisdiction).

## CONCLUSION

For the foregoing reasons, Defendant City of Oklahoma City's Second Motion to Dismiss Plaintiff's Supplemental Petition [Doc. No. 140] is **GRANTED**, and the claims against the City are dismissed without prejudice.

**IT IS SO ORDERED** this 22nd day of March, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge