IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MICHAEL C. WASHINGTON,            )
                                  )
    Plaintiff,                    )
                                  )
v.                                )   Case No. CIV-20-266-D
                                  )
                                  )
CITY OF OKLAHOMA CITY, ET AL.,    )
                                  )
    Defendants.                   )

# ORDER

Before the Court is Defendant BFL-MLK, LLC's (BFL) Motion for Summary Judgment [Doc. No. 174] and Hank and Susan Binkowski's Motion for Summary Judgment [Doc. No. 176].[1] Plaintiff filed a combined Response [Doc. No. 179], and BFL and the Binkowskis filed a combined Reply [Doc. No. 184]. The matter is fully briefed and at issue, and the Court takes up both Motions.

## *Factual and Procedural Background*

Plaintiff asserts seven causes of action against Defendants: (1) violation of the Fourth Amendment; (2) false arrest; (3) false imprisonment; (4) malicious prosecution; (5) defamation; (6) intentional infliction of emotional distress; and (7) failure to train.[2] Pl.'s

---

[1] Co-Defendants Hank and Susan Binkowski join fully in BFL's Motion. *See* BFL Mot. Summ. J. [Doc. No. 174] at 11 n.3. As noted, the Binkowskis have also filed a separate Motion for Summary Judgment, in which they adopt BFL's Motion in its entirety. *See* Binkowskis' Mot. Summ. J. [Doc. No. 176] at 1. Because Plaintiff's claims seem to apply equally to BFL and the Binkowskis, any reference in this Order to "Defendants" is a collective reference to BFL and the Binkowskis.

[2] As Defendants note in their Motion, Plaintiff originally sued numerous other defendants stemming from an August 2019 incident on the property of Oklahoma City Public Schools. *See* Pl.'s Supp. Pet. [Doc. No. 60]. Similarly, Plaintiff originally sued numerous other

Supp. Pet. [Doc. No. 60] at 6-8, 21-23.[3] Plaintiff's causes of action against Defendants relate to an incident that occurred at the former Smart Saver Grocery Store—a store that was owned and operated by BFL.[4] After a verbal encounter with the store's assistant manager, Plaintiff was asked to leave the store. Ultimately, Plaintiff was arrested and charged with trespassing on private property. The charges were eventually dismissed for want of prosecution. Plaintiff filed a lawsuit against BFL, the Binkowskis, and myriad other defendants in state court on March 2, 2020. The suit was removed to federal court based on federal question jurisdiction on March 23, 2020. *See* Notice of Removal [Doc. No. 1].

BFL filed the instant Motion—in which the Binkowskis join in full—seeking summary judgment in its favor with respect to all causes of action against it. Defendants argue that Plaintiff cannot present evidence to support any of his seven claims. Plaintiff does not substantively respond to any of Defendants' arguments raised in the motion. Instead, he takes issue with the timing of the motion and purported discovery disputes

---

defendants stemming from the May 2019 incident at the Smart Saver store. *Id.* The Court previously dismissed each of these defendants. *See* [Doc. No. 114]; [Doc. No. 115]; [Doc. No. 117]; [Doc. No. 118]; [Doc. No. 120]; [Doc. No. 121]; [Doc. No. 122]; [Doc. No. 153]; [Doc. No. 154]; [Doc. No. 156]; [Doc. No. 157].

[3] All citations to page numbers refer to the ECF file-stamped number at the top of each page.

[4] Each of Plaintiff's claims against BFL also appear to apply to the Binkowskis, who were members of BFL at the time of the Smart Saver incident. *See* BFL Mot. Summ. J., Ex. 3 [Doc. No. 174-3].

between himself and defense counsel, which he claims render him unable to respond to the motion. *See* Pl.'s Resp. [Doc. No. 179].[5]

### *Standard of Decision*

Summary judgment is proper "if the movant shows there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id.* at 255. All facts and reasonable inferences must be viewed in the light most favorable to the nonmovant. *Id.* If a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of a claim, then all other factual issues regarding the claim become immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[5] The Court disregards Plaintiff's arguments regarding the timing of this Motion and his purported discovery disputes with defense counsel. As Defendants note, there is no local rule or Federal Rule of Civil Procedure prohibiting the filing of a motion for summary judgment before the scheduling order's discovery deadline. *See* Reply [Doc. No. 184] at 2. Additionally, if Plaintiff takes issue with Defendant's discovery responses or document production, *see* Pl.'s Resp. [Doc. No. 179] at 1-2, he, as with any other litigant, could have sought appropriate relief from the Court. He did not. Last, FED. R. CIV. P. 56(d) provides a method by which Plaintiff could have raised these alleged issues. Specifically, Plaintiff, as the nonmovant, could have shown "by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition." FED. R. CIV. P. 56(d). Upon a sufficient showing, the Court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Id.* Here, Plaintiff did not submit an affidavit or declaration, as required by Rule 56(d). Setting that aside, Plaintiff's Response does not provide any "specified reasons" why he "cannot present facts essential to justify [his] opposition."

between himself and defense counsel, which he claims render him unable to respond to the motion. *See* Pl.'s Resp. [Doc. No. 179].[5]

### *Standard of Decision*

Summary judgment is proper "if the movant shows there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id.* at 255. All facts and reasonable inferences must be viewed in the light most favorable to the nonmovant. *Id.* If a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of a claim, then all other factual issues regarding the claim become immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[5] The Court disregards Plaintiff's arguments regarding the timing of this Motion and his purported discovery disputes with defense counsel. As Defendants note, there is no local rule or Federal Rule of Civil Procedure prohibiting the filing of a motion for summary judgment before the scheduling order's discovery deadline. *See* Reply [Doc. No. 184] at 2. Additionally, if Plaintiff takes issue with Defendant's discovery responses or document production, *see* Pl.'s Resp. [Doc. No. 179] at 1-2, he, as with any other litigant, could have sought appropriate relief from the Court. He did not. Last, FED. R. CIV. P. 56(d) provides a method by which Plaintiff could have raised these alleged issues. Specifically, Plaintiff, as the nonmovant, could have shown "by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition." FED. R. CIV. P. 56(d). Upon a sufficient showing, the Court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Id.* Here, Plaintiff did not submit an affidavit or declaration, as required by Rule 56(d). Setting that aside, Plaintiff's Response does not provide any "specified reasons" why he "cannot present facts essential to justify [his] opposition."

The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Id.* at 322-23. If the movant carries this burden, the nonmovant must then go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324; *see also Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671; *see* FED. R. CIV. P. 56(c)(1)(A). "The court need consider only the cited materials, but may consider other materials in the record." FED. R. CIV. P. 56(c)(3); *see Adler*, 144 F.3d at 672. The district court's inquiry is whether the facts and evidence of record present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

### *Statement of Undisputed Facts*[6]

The basic facts regarding the May 29, 2019 incident are undisputed.[7] BFL owned and operated the Smart Saver store where the incident occurred. The Binkowskis were each

---

[6] This statement includes material facts that are supported by the record and not opposed in the manner required by Rule 56(c)(1) and LCvR56.1(d). All facts properly presented by a party and not specifically controverted by an opponent are deemed admitted, pursuant to Rule 56(e)(2) and LCvR56.1(e). Any fact stated by a party that is not supported by the party's citation to the record is disregarded.

[7] LCvR 56.1 requires a brief in opposition to a motion for summary judgment to "begin with a section responding, by correspondingly numbered paragraph, to the fact that the movant contends are not in dispute and [to] state any fact that is disputed." LCvR56.1(c). "All material facts set forth in the statement of material facts of the movant may be deemed admitted for the purpose of summary judgment unless specifically controverted by the nonmovant using the procedures set forth in this rule." LCvR56.1(e). Because Plaintiff did

members of BFL. On the date of the incident, Plaintiff entered the store to buy ice cream. After entering the store, Plaintiff asked to speak with the store's manager about long lines at the cash registers. The assistant manager, Carla Strickland, approached Plaintiff, at which point Plaintiff began hurling insults[8] at Ms. Strickland. A Potawattomie County Sheriff's deputy[9] asked Plaintiff to leave the store multiple times, but Plaintiff told Ms. Strickland that she needed to call the police.

Ultimately, Plaintiff left the store but remained on the premises just outside the front of the store. Oklahoma City Police Officer Justin Reynolds responded to the scene, held Plaintiff's hands behind his back, and asked Plaintiff if he could search his pockets. Plaintiff consented to the search of his pockets. Oklahoma City Police arrested Plaintiff and charged him with trespassing on private property.[10] Plaintiff was booked into the Oklahoma County Jail and posted bond the next morning. Plaintiff's criminal case was later dismissed for want of prosecution.

---

not comply with LCvR56.1, the Court deems Defendant's undisputed material facts admitted for purposes of deciding the instant Motion.

[8] Plaintiff called Ms. Strickland an "idiot" and a "little bitch." *See* BFL Mot. Summ. J., Ex. 5 [Doc. No. 174-5]. He also promised Ms. Strickland that he would get her job taken from her and called her an "Uncle Tom." *See* BFL Mot. Summ. J, Ex. 6 [Doc. No. 174-6] at 90:1-18.

[9] The deputy appears to have been working at the store in his capacity as a security guard with Elite Protection Services. *See* BFL Mot. Summ. J., Ex. 5 [Doc. No. 174-5].

[10] Ms. Strickland signed the trespassing complaint as the "Complainant." *See* BFL Mot. Summ. J., Ex. 11 [Doc. No. 174-11].

*Discussion*

I.     **BFL's Motion for Summary Judgment**

    A.     **Fourth Amendment Claim**

The Fourth Amendment to the U.S. Constitution "guards against unreasonable searches and seizures by state actors." *United States v. Poe*, 556 F.3d 1113, 1123 (10th Cir. 2009). At the heart of the Fourth Amendment's protection against unreasonable searches and seizures is the requirement that the search and/or seizure be conducted by the government or a private citizen acting on the government's behalf. *See United States v. Benoit*, 713 F.3d 1, 9 (10th Cir. 2013) ("It is well-settled that the Fourth Amendment 'proscrib[es] only governmental action; it is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.'") (quoting *United States v. Jacobsen*, 466 U.S. 109, 113-14 (1984)) (alteration in original).

The Fourth Amendment contains a slight wrinkle, as noted above: "[I]n some cases a search by a private citizen may be transformed into a government search implicating the Fourth Amendment if the government coerces, dominates or directs the actions of a private person conducting the search or seizure." *Poe*, 556 F.3d at 1123. The parties agree, however, that Oklahoma City Police—undoubtedly a state actor—searched and arrested Plaintiff. *Compare* BFL Mot. Summ. J., Ex. 9 [Doc. No. 174-9], *with* Pl.'s Supp. Pet. [Doc. No. 60] ¶ 24. There is no evidence that Defendants, or anyone acting on their behalf, searched or arrested Plaintiff. Nor is there any evidence that any governmental actor "coerce[d], dominate[d] or direct[ed]" Defendants in conducting a search or arrest.

Under the undisputed facts and as a matter of law, the Court concludes that Defendants' conduct cannot reasonably be considered a Fourth Amendment violation. Ms. Strickland called Oklahoma City Police after the in-store incident with Plaintiff, and at Plaintiff's request. BFL Mot. Summ. J., Ex. 6 [Doc. No. 174-6] at 64:24-65:5. While Plaintiff was asked to leave the store numerous times, he remained on the premises right outside the front of the store. *Id.* at 65:5-11, 110:20-25. Officer Reynolds with the Oklahoma City Police Department arrived at the scene, approached Plaintiff, and held his hands behind his back. BFL Mot. Summ. J., Ex. 9 [Doc. No. 174-9]. Officer Reynolds then searched Plaintiff, and Plaintiff was arrested. *Id.*; BFL Mot. Summ. J., Ex. 10 [Doc. No. 174-10].[11] Although the Fourth Amendment could reasonably be implicated by the police officer's actions, no such individual is still a party to this case.[12] Accordingly, Defendants are entitled to summary judgment on Plaintiff's Fourth Amendment claim.

B.   **False Arrest or False Imprisonment**[13]

Oklahoma law defines false arrest and false imprisonment as "the unlawful restraint of an individual's personal liberty or freedom of locomotion." *Shaw v. City of Okla. City*,

---

[11] Plaintiff consented to Officer Reynolds' search. BFL Mot. Summ. J., Ex. 6 [Doc. No. 174-6] at 66:3-4.

[12] The Court previously dismissed Plaintiff's claims against Officer Reynolds, holding that he was entitled to qualified immunity. *See* 3/22/2022 Order [Doc. No. 156].

[13] Although Plaintiff's only federal claim appears to be his Fourth Amendment claim analyzed *supra*, the Court exercises supplemental jurisdiction over Plaintiff's remaining claims. *See Price v. Wolford*, 608 F.3d 698, 702 (10th Cir.) ("Once a district court has jurisdiction, additional claims and parties can be added under the supplemental-jurisdiction statute, 28 U.S.C. § 1367(a), which grants the district courts jurisdiction 'over all other claims that are so related to claims in the action within such original jurisdiction that they

380 P.3d 894, 899 (Okla. Civ. App. 2016). "Claims for false arrest and false imprisonment are virtually indistinguishable under Oklahoma law, the only distinction being the nature of the person doing the detaining." *Allen v. Town of Colcord, Okla.*, 874 F. Supp. 2d 1276, 1288 (N.D. Okla. 2012). "If the person is purportedly acting with the authority of law, the tort is false arrest, otherwise, it is false imprisonment." *Id.* The Court agrees with Defendants that there is no evidence that they, or anyone acting on their behalf, restrained Plaintiff's "personal liberty or freedom of locomotion." *See Shaw*, 380 P.3d at 899. After Plaintiff's confrontation with Ms. Strickland, Plaintiff exited the store and remained on the premises. Defendants, therefore, are entitled to summary judgment on Plaintiff's false imprisonment claim.

"False arrest is the unlawful restraint of an individual against his will" or "an arrest without proper legal authority." *Irwin v. SWO Acquisition Corp.*, 830 P.2d 587, 590 (Okla. Civ. App. 1992). Like his false imprisonment claim, there is no evidence in the record that Defendants, or anyone acting on their behalf, restrained Plaintiff against his will or arrested him. Plaintiff exited the store but, despite being asked to leave, decided to remain on the premises. Only at that point did Oklahoma City Police conduct a search and arrest Plaintiff. Aside from asking Plaintiff to leave the store and signing the trespassing complaint, there is no evidence in the record that Defendants participated in any restraint or arrest of Plaintiff. Defendants are entitled to summary judgment on Plaintiff's false arrest claim.

---

form part of the same case or controversy under Article III of the United States Constitution.'") (quoting 28 U.S.C. § 1367(a)).

### C.     Malicious Prosecution

Plaintiff must prove the following elements to prevail on his malicious prosecution claim: "(1) the bringing of the original action by the defendant; (2) its successful termination in plaintiff's favor; (3) want of probable cause to join the plaintiff; (4) malice, and (5) damages."[14] *Thacker v. Walton*, 499 P.3d 1255, 1260 (Okla. Civ. App. 2020) (quoting *Young v. First State Bank, Watonga*, 628 P.2d 707, 709 (Okla. 1981)). Defendants argue that Plaintiff cannot satisfy any of these elements. Plaintiff, without any evidentiary support, claims that Defendants "did not deny that they were directly responsible for Plaintiff being subjected to malicious prosecution." Pl.'s Resp. [Doc. No. 179] at 3.

The Court need only analyze the first element of Plaintiff's malicious prosecution claim. Plaintiff must show that Defendants brought an original action against him. However, neither BFL nor the Binkowskis brought any action against Plaintiff. *See* BFL Mot. Summ. J., Ex. 12 [Doc. No. 174-12]. Plaintiff provides no response to this fact other than an unsupported assertion that Defendants "did not deny that they were directly responsible for Plaintiff being subjected to malicious prosecution . . . ." [Doc. No. 179 at 3].

But even if one considers signing a criminal complaint "the bringing" of an action, there is no evidence in the record that Defendants did so with malice. Ms. Strickland signed the criminal trespass complaint only after Oklahoma City Police asked if she wanted to

---

[14] Although the Tenth Circuit recognizes a § 1983 malicious prosecution claim, there is no evidence in the record that BFL is a government entity or the Binkowskis are government employees. The Court, therefore, analyzes Plaintiff's claim under Oklahoma law.

9

press charges for Plaintiff verbally accosting her and refusing to leave the store's premises. Defendants are thus entitled to summary judgment on Plaintiff's malicious prosecution claim.

**D.    Defamation**

To prevail on his defamation claim, Plaintiff must prove: "(1) a false and defamatory statement [concerning the plaintiff]; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either the actionability of the statement irrespective of special damage, or the existence of special damage caused by the publication." *Yates v. Gannett Co., Inc.*, 523 P.3d 69, 76 (Okla. Civ. App. 2022). In his Supplemental Petition, Plaintiff claims the Binkowskis "subject[ed] Plaintiff to libel and slander" and cites to "exhibit A" of the Supplemental Petition. Pl.'s Supp. Pet. [Doc. No. 60] ¶ 29.[15] Defendants argue that Plaintiff cannot prove any element of his defamation claim. *See* BFL Mot. Summ. J. [Doc. No. 174] at 18.

The Court need only reach the first element of Plaintiff's claim. Any statement concerning Plaintiff must be false *and* defamatory. *See Yates*, 523 P.3d at 76. The record is devoid of any evidence that Defendants—or anyone acting on their behalf—made a false statement concerning Plaintiff. Ms. Strickland signed the complaint, but Plaintiff points to nothing within the complaint that qualifies as a false statement.

Even if Ms. Strickland's mere signing of the complaint could reasonably be considered a false statement, there is no evidence in the record that it was defamatory. "A

---

[15] No "exhibit A" appears to have been filed with Plaintiff's Complaint and is therefore not part of the record before the Court. *See* Pl.'s Supp. Pet. [Doc. No. 60].

communication is defamatory if it tends to so harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Nelson v. Am. Hometown Publ'g, Inc.*, 333 P.3d 962, 969 (Okla. Civ. App. 2014) (quoting *Herbert v. Okla. Christian Coal.,* 992 P.2d 322, 327 n.4 (Okla. 1999)). When asked at his deposition to identify individuals "confused" by the charges against him, Plaintiff failed to identify anyone. *See* BFL Mot. Summ. J., Ex. 6 [Doc. No. 174-6] at 96:24-98:5. Defendants are thus entitled to summary judgment on Plaintiff's defamation claim.

### E. Intentional Infliction of Emotional Distress

To prevail on his intentional infliction of emotional distress claim, Plaintiff must prove: "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Comput. Publ'ns, Inc. v. Welton*, 49 P.3d 732, 735 (Okla. 2002). Defendants focus on the second element, arguing that Plaintiff cannot offer any evidence of outrageous conduct. *See* BFL Mot. Summ. J. [Doc. No. 174] at 20-21. Plaintiff offers no substantive response. *See* Pl.'s Resp. [Doc. No. 179].

Here, too, the Court need only reach one element of Plaintiff's claim. To have intentionally inflicted emotional distress, Defendants' conduct must have been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Kraszewski v. Baptist Med. Ctr. of Okla., Inc.,* 916 P.2d 241, 248 n. 25 (Okla. 1996) (quoting RESTATEMENT (SECOND) OF TORTS § 46 cmt. d). Additionally, the

11

"outrageous and extreme nature of the conduct to be examined should not be considered in a sterile setting, detached from the milieu in which it took place." *Eddy v. Brown,* 715 P.2d 74, 77 (Okla. 1986). Even if one's conduct is unreasonable, "[h]urt feelings do not make a cause of action under the tort-of-outrage rubric." *Id.* (citing cases).

The record is devoid of any evidence showing outrageous, or even unreasonable, conduct by Defendants. Plaintiff began verbally accosting Ms. Strickland, at which point he was asked to leave the store. There is no other evidence of any Defendant engaging with Plaintiff before, or after, his arrest. Defendants are thus entitled to summary judgment on Plaintiff's intentional infliction of emotional distress claim.

### F. Failure to Train

While unclear from the operative Supplemental Petition [Doc. No. 60], it appears, as Defendants argue, that Plaintiff lodges a negligence claim veiled as a "failure to train" claim.[16] Specifically, Plaintiff claims that Ms. Binkowski failed to properly train Ms. Strickland, the assistant manager who called the police and signed the trespassing complaint against Plaintiff. *See* Pl.'s Supp. Pet. [Doc. No. 60] ¶ 100. Defendants argue that Ms. Strickland had the right to call the police and sign the trespassing complaint. *See* BFL

---

[16] "Failure to train" is a recognized theory of liability in the § 1983 context. "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Montoya v. Newman*, 115 F. Supp. 3d 1263, 1283 (D. Colo. 2015). Plaintiff does not allege or argue that BFL or the Binkowskis are, or were, affiliated with any local government. The Court, therefore, does not address this potential theory of liability.

Mot. Summ. J. [Doc. No. 174] at 31. Plaintiff does not substantively respond. *See* Pl.'s Resp. [Doc. No. 179].

"Under Oklahoma law, all negligence claims require proof of a duty, a breach of that duty, and causation." *Martinez v. Angel Expl., LLC*, 798 F.3d 968, 974 (10th Cir. 2015) (citing *Scott v. Archon Grp., L.P.*, 191 P.3d 1207, 1211 (Okla. 2008)). Assuming without deciding that Defendants owed a duty to Plaintiff, there is no evidence that Defendants breached that duty. Ms. Strickland asked Plaintiff to leave the store after Plaintiff verbally accosted her. Then, at Plaintiff's request, the police were called. The police searched and arrested Plaintiff. The police also asked Ms. Strickland if she would like to sign a trespassing complaint, which she did. Nothing in the record establishes, or even suggests, that Defendants breached any duty owed toward Plaintiff in failing to adequately train Ms. Strickland, or that any particular training would have led to a different outcome. Defendants are thus entitled to summary judgment on Plaintiff's failure to train claim.

### G. Punitive Damages

Plaintiff seeks punitive damages. Oklahoma law provides for three categories of punitive damages, each hinging on the level of culpability of the defendant. *See* Okla. Stat. tit. 23, § 9.1. But punitive damages are not a standalone cause of action; a request for punitive damages "constitutes a prayer for relief." *See Greater First Deliverance Temple, Inc. v. GuideOne Mut. Ins. Co.*, No. CIV-18-1022-D, 2019 WL 149566, at *1 n.1 (W.D. Okla. Jan. 9, 2019). Here, all of Plaintiff's substantive claims have failed, thus, damages are not at issue.

**II.      Hank and Susan Binkowski's Motion for Summary Judgment**

As discussed, the Binkowskis join in BFL's Motion and adopt BFL's Motion in its entirety for purposes of their own Motion. The same undisputed facts governing BFL's Motion, therefore, also govern the Binkowskis' Motion. The Binkowskis set forth a handful of additional undisputed facts, including that: (1) Plaintiff admits that the Binkowskis were not present at the Smart Saver store at the time of the incident; (2) Plaintiff has no evidence that the Binkowskis had any individual participation in the incident; and (3) Plaintiff's claims against the Binkowskis are premised on his contention that they owned the Smart Saver store and BFL. *See* Binkowskis' Mot. Summ. J. [Doc. No. 176] at 2-3. Plaintiff does not substantively respond to these facts. *See* Pl.'s Resp. [Doc. No. 179].

The Binkowskis argue that, under Oklahoma law, no "suit or claim of any nature shall be brought against any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer, director or shareholder, until judgment is obtained therefor against the corporation and execution thereon returned unsatisfied." Binkowskis' Mot. Summ. J. [Doc. No. 176] at 4 (quoting 12 Okla. Stat. § 682(B)). Relevant here, "[m]embers and managers of limited liability companies shall be afforded the same substantive and procedural protection from suits and claims as the protections provided to officers, directors and shareholders of a corporation as set forth in subsection B of this section." 12 Okla. Stat. § 682(C). "Although § 682(B) prohibits suits based solely on a person's status as an officer, director or shareholder of a corporation, 'it does not prevent a person from being sued directly for his own conduct.'" *Dennis v. Good Deal Charlie, Inc.*, No. 20-CV-00295-GKF-JFJ, 2021 WL 815841, at *6 (N.D. Okla. Mar. 3, 2021) (quoting

14

*Phoenix Energy Mktg., Inc. v. Chase Oil Corp.*, No. 16-CV-0681-CVE-JFJ, 2017 WL 6397492, at *5 (N.D. Okla. Dec. 14, 2017)).

The Binkowskis are members of BFL, which is an LLC. Accordingly, claims based solely on their status as members of BFL are prohibited. Therefore, for Plaintiff to maintain claims against the Binkowskis, there must be evidence related to the Binkowskis' own conduct. The Binkowskis were not present at the store during the time of the incident; Plaintiff has no evidence that the Binkowskis had any individual participation in the incident; and Plaintiff testified that his claims against the Binkowskis are premised on his contention that they own the store and BFL. *See* Binkowskis' Mot. Summ. J. [Doc. No. 176] at 2-3. These facts provide an independent basis for summary judgment in the Binkowskis' favor.

## *Conclusion*

For these reasons, the Court finds that BFL and the Binkowskis are entitled to summary judgment on the claims asserted against them in Plaintiff's Supplemental Petition [Doc. No. 60].

**IT IS THERFORE ORDERED** that BFL's Motion for Summary Judgment [Doc. No. 174] is **GRANTED** in full.

**IT IS FURTHER ORDERED** that Hank and Susan Binkowski's Motion for Summary Judgment [Doc. No. 176] is **GRANTED** in full.

A separate judgment shall be entered accordingly.

**IT IS SO ORDERED** this 20th day of September, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge