IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL C. WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-266-D |
| ) | |
| ) | |
| CITY OF OKLAHOMA CITY, ET AL., ) | |
| ) | |
| Defendants. ) | |

**JUDGMENT**

Pursuant to the Court's Order granting summary judgment to Defendants BFL-MLK, LLC, Hank Binkowski, and Susan Binkowski on Plaintiff's claims, the Court enters judgment in favor of BFL-MLK, LLC, Hank Binkowski, and Susan Binkowski against Plaintiff.

Pursuant to the Court's prior Orders dismissing Plaintiff's claims against other Defendants without prejudice, the Court enters judgment in favor of the following Defendants against Plaintiff:

- Doc. No. 114: Esperanza Real Estate, LLC
- Doc. No. 115: Mike Beckwith
- Doc. No. 117: Municipal Court of Oklahoma City
- Doc. No. 118: Kenneth Jordan (as to all claims in his official capacity)
- Doc. No. 120: Wade Gourley
- Doc. No. 121: Sean McDaniel, Jason Brown, Jessica Sherrill, Paula Lewis, Tim Coleman, Ben Steffer
- Doc. No. 122: Oklahoma City Public School District 89

- Doc. No. 153: Kenneth Jordan (as to all non-Section 1983 claims)

- Doc. No. 154: Mitchell McCoy

- Doc. No. 156: Wade Spence, Justin Reynolds (as to all non-Section 1983 individual-capacity unlawful arrest claims), Aaron Richards, George Goss

- Doc. No. 157: City of Oklahoma City

Pursuant to the Court's prior Orders dismissing Plaintiff's claims against other Defendants with prejudice, the Court enters judgment in favor of the following Defendants against Plaintiff:

- Doc. No. 153: Kenneth Jordan (as to Section 1983 claims)

- Doc. No. 156: Justin Reynolds (as to Section 1983 individual-capacity unlawful arrest claim)

Pursuant to the Court's inherent authority, the Court *sua sponte* dismisses Plaintiff's claims against the Oklahoma County Jail without prejudice and enters judgment in favor of the Oklahoma County Jail against Plaintiff.[1]

---

[1] Plaintiff's Supplemental Petition [Doc. No. 60], which was filed on June 17, 2020, named the Oklahoma County Jail as a defendant. FED. R. CIV. P. 4(m) required Plaintiff to serve the Jail within 90 days—*i.e.*, by September 15, 2020. There is no evidence in the record that, in the over three years since filing his Supplemental Petition, Plaintiff served process on the Jail. Additionally, there is no evidence in the record that Plaintiff has pursued any claims against the Jail. The Court will, pursuant to FED. R. CIV. P. 41(b) and the Court's inherent authority, dismiss Plaintiff's claims against the Jail without prejudice. *See Shotkin v. Westinghouse Elec. & Mfg. Co.*, 169 F.2d 825, 826 (10th Cir. 1948) ("A district court of the United States is vested with power to dismiss an action for failure of plaintiff to prosecute it with reasonable diligence. The power is inherent and independent of any statute or rule. And where plaintiff has failed to prosecute the action with reasonable diligence, the court may dismiss it on motion of the defendant or on its own motion."); *see also Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966) (per curiam) (affirming district court's dismissal of case with prejudice, noting that Rule 41(b) "and the inherent power of a court to dismiss for failure to prosecute" allow a district court to "sua sponte, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion").

Entered this 20th day of September, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge